King v. Pittsburgh, Harmony, Butler & New
Castle Ry. Co., Appellant.

*Negligence—Street railways—Collision—Private crossing—Case
for jury—Charge of court.*

1.  The high degree of care as to signalling and speed required of
an electric railway at a public crossing is not always required at a
private crossing, where the danger of injury is less, but the duty
of care does not rest wholly upon a person using the crossing and
the railway company is bound to the exercise of care commensurate
with the danger of the particular situation.

2.  In an action of trespass to recover damages from a street
railway company for personal injuries sustained by plaintiff in
consequence of a collision between a trolley car and plaintiff's
wagon, it appeared that plaintiff on approaching by a private road
the double track of defendant, stopped, looked and listened for a
car; that his son got down from the wagon, crossed the track to
a place from which he could see 600 feet and not seeing or hearing
a car, signalled plaintiff to drive on; that plaintiff again looked
before starting to cross; that the hind wheel of his wagon was
struck as it passed over the second rail; that no notice of the ap-
proach of the car was given or any attempt made to stop it until
it was within 150 feet of the wagon.  *Held,* that no negligence of

plaintiff was disclosed by his evidence, and that the question of defendant's negligence was for the jury.

Argued October 21, 1913.    Appeal, No. 32, October Term, 1913, by defendant, from judgment of C. P. Allegheny County, August Term, 1909, No. 371, on verdict for plaintiff in case of W. F. King v. Pittsburgh, Harmony, Butler & New Castle Railway Company.    Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, various rulings of the trial judge, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant non obstante veredicto.

*Walter Lyon*, of *Lyon & Hunter*, for appellant.

*John M. Goehring, Thomas M. Marshall* and *Thomas M. Marshall, Jr.,* for appellees, were not heard.

PER CURIAM, January 5, 1914:

The plaintiff was injured at a railway crossing of a private driveway which led from his farm buildings to a public road.  The crossing was constructed and maintained by the defendant under an agreement by which it secured a right of way and it was necessarily used by the plaintiff in passing to and from his home to a public road.  He was riding on a heavily loaded farm wagon and when within a few feet of the track, at a place where he had a clear view of about four hundred feet, he stopped, looked and listened for a car.  His son got down

from the wagon, crossed the track to a place from which he could see six hundred feet, and not seeing or hearing a car, signaled the plaintiff to drive on. The plaintiff again looked before starting to cross. The hind end of his wagon was struck as it passed over the second rail. According to the plaintiff's testimony the car was running very rapidly, no notice of its approach was given and no attempt was made to stop it until it was within one hundred and fifty feet of the wagon. This testimony made out a case of negligence upon the part of the motorman and disclosed no negligence by the plaintiff and on it he was entitled to go to the jury.

In submitting the case, the jury was properly instructed that the high degree of care as to signalling and speed required of an electric railway at a public crossing is not always required at a private crossing where the danger of injury is less. But the duty of care does not rest wholly upon a person using the crossing and the railway company is bound to the exercise of care commensurate with the danger of the particular situation.

The judgment is affirmed.