# Schultz *v.* Philadelphia & West Chester Traction Co., Appellant.

*Negligence—Street railways—Right angled collision between wagon and street car—Contributory negligence—Case for jury.*

In an action against a street railway company to recover damages for personal injuries sustained by the driver of a wagon in a right angled collision between the wagon and a street car, it appeared that the plaintiff drove from a lane into a turnpike road on the near side of which the defendant operated a single track electric railway. Plaintiff testified that when he came near the track he stopped and looked, but did not see a car. The view in the direction from which the car came was obscured by trees and bushes, and there was a crest on the road about 150 feet from where plaintiff came on to the turnpike. The car came up a grade and reached the crest of the hill where a toll house was located. There was evidence that the car was running at about eighteen miles an hour, and that it ran two car lengths after the collision with the wagon which weighed about 2,000 pounds. The evidence showed that the motorman saw the team on the track from the toll house which was 150 feet away. The lane was a stopping place for cars on signal, and a sign was posted there bearing the notice "Cars stop here." *Held,* (1) that the plaintiff was not guilty of contributory negligence as a matter of law, and (2) that the question of defendant's negligence was for the jury.

Argued Oct. 18, 1916. Appeal, No. 7, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1915, No. 4491, on verdict for plaintiff in case of Stanley Schultz v. Philadelphia & West Chester Traction Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HENRY, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,127.50. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Charles Sinkler,* for appellant.

*Wm. F. Berkowitz,* with him *Samuel W. Salus,* for appellee.

Opinion by Henderson, J., March 9, 1917:

The plaintiff's wagon was struck by a car of the defendant as he drove out of Borden's Lane across the track which is located on the Philadelphia & West Chester Turnpike Road, with the result that he sustained personal injuries set forth in the statement of claim. Defense is made on the ground that the plaintiff was guilty of contributory negligence and that there was no negligence on the part of the defendant. Considering the evidence offered by the plaintiff apart from that presented by the defense we do not find support for the contention that there was contributory negligence. The plaintiff testified that he was watching for a car, looking to see if a car was coming or going; that he was careful about it; that when he came near the track he stopped and looked and that he did not see a car. He was then shown a photograph of the location and pointed out on the photograph the place where he stopped. "I stopped right here before the first rail. Q. When you stopped what did you do? A. I was stopping to see whether I could see a car or not and as I was not able to see any car coming I started to go across the rail." He stated that he could not see more than two hundred feet up the track. The view was somewhat obscured by trees and bushes growing by the roadside and there was a down

grade on the road beginning at the crest of the hill about one hundred and fifty or two hundred feet west of where he came onto the turnpike.  The car came up this grade and reached the crest of the hill at a toll house located there.  If the car was not in sight when the plaintiff undertook to cross the track it can not be held as a matter of law that he was guilty of contributory negligence in undertaking to go over.  The lane was a stopping place for cars on signal and a sign was posted there bearing the notice "Cars stop here."  There was a single track and the plaintiff's team was well across it when the car hit the rear end of the wagon.  There was evidence for the plaintiff that the car was running at about eighteen miles an hour and if the situation was as described by the plaintiff he could not be successfully charged with failure to observe due care in making the crossing.

The negligence attributed to the defendant is that the motorman could have seen the plaintiff on the track at a sufficient distance from the crossing to have avoided the accident in the exercise of care.  It does not clearly appear how far the crossing could be observed from a car coming eastwardly but there is evidence from which it could be concluded that it might be seen at some distance west of the toll house and it appears from the testimony of the motorman that when he reached the toll house he saw the plaintiff's team on the track.  The following testimony of the motorman discloses the situation: "Q. What part of the horses did you see first.  A. I do not recall that.  Q. But you do recall when you were up at the toll house you saw these horses on the track.  A. Yes, sir.  Q. Two horses.  A. Yes, sir."  It appears therefore from the defendant's own evidence that the team might have been seen before the car reached the toll house and that the plaintiff was on the track when that point was reached.  The evidence of the defendant's engineer shows that the distance from the lane to the toll house is about one hundred and fifty feet.  For more than this distance then, the motorman had a view of the crossing

and if he had been attentive, would have seen that a collision was likely to occur unless he controlled his car. The evidence is contradictory as to whether the speed of the car was slackened, but the plaintiff's evidence tends to show that it ran two car lengths after the collision with a wagon that weighed about two thousand pounds, the latter fact throwing some light on the question of speed if the testimony of the witness is credited. With the opportunity afforded the motorman to see the crossing and with the admitted fact that he saw the team on the track one hundred and fifty feet in front of him the court could not properly have declared that there was no negligence on the part of the defendant. It was assumed by the appellant's counsel that Borden's lane was a private crossing but we do not find evidence to support that assumption. Assuming that to have been the case, however, the duty of care did not rest wholly on the plaintiff. The defendant was bound to exercise care commensurate with the danger of the situation: King v. Pittsburgh, Etc., Railway, 242 Pa. 497. There was evidence that the whistle on the car was blown but this was done when the car was in the hollow west of the toll house, if the warning was given as claimed, and it may not have been effective, therefore, if given. On the evidence, however, as to the location of the plaintiff and his team at the time the car came near the crest of the hill and the distance between the car and the crossing at that time, the case was one for the jury on the question of the exercise of reasonable care on the part of the motorman to control his car and thus avoid the collision.

The assignments are overruled and the judgment affirmed.