Moses, Appellant, *v.* Northwestern Pennsylvania Railway Company.

*Negligence — Street railways — Team — Right angle collision— Team turning into drive—Evidence of speed—Contributory negligence.*

1. The rule is inflexible that one approaching a street railway must look for an approaching car immediately before walking or driving on the track.

2. The law presumes that one about to cross a railroad track performs his duty, but that presumption is rebutted where a man walks or drives upon the track and is immediately struck by a locomotive or car that was in full view when it became his duty to look.

3. An allegation of excessive speed of a car is not sustained by the statement of a witness that it was going pretty fast, or other like expression; or that the car ran eighty-seven feet after the accident.

4. In an action against a street railway company to recover damages for the death of plaintiff's husband, who was killed by a trolley car while endeavoring to drive a team across defendant's tracks, a compulsory nonsuit was properly entered where it appeared that just before deceased crossed the track he had a clear and unobstructed view for a quarter of a mile in the direction from which the car came, and had he looked in that direction he would have seen the car which struck him, but that he thoughtlessly committed himself to the act of crossing the track without any effort to ascertain the movement of cars thereon.

Argued April 24, 1917. Appeal, No. 67, Jan. T., 1917, by plaintiff, from order of C. P. Erie Co., Feb. T., 1915, No. 77, refusing to take off nonsuit, in case of Teofila Moses v. Northwestern Pennsylvania Railway Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before ROSSITER, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*J. Orin Wait,* with him *M. Levant Davis,* for appellant, cited: Gress v. Braddock & Homestead St. Ry. Co., 14 Pa. Superior Ct. 87; Sheetz v. United Traction Co., 49 Pa. Superior Ct. 177; Ehrisman v. East Harrisburg City Pass. Ry. Co., 105 Pa. 180; Raulston v. Philadelphia Traction Co., 13 Pa. Superior Ct. 412; Shaughnessy v. Consolidated Traction Co., 17 Pa. Superior Ct. 588; Manayunk & Roxborough Boarding & Livery Stable v. Union Traction Co., 7 Pa. Superior Ct. 104; Frame v. Electric Traction Co., 180 Pa. 49; Devlin v. Beacon Light Co., 198 Pa. 583; Schum v. Penna. R. R. Co., 107 Pa. 8; Longenecker v. Penna. R. R. Co., 105 Pa. 328; King v. Pitts., Harmony, Butler & New Castle Ry. Co., 242 Pa. 497.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.—The deceased was guilty of contributory negligence: Yingst v. Lebanon & Annville St. Ry. Co., 167 Pa. 438; Hollihan v. Pittsburgh Rys. Co., 54 Pa. Superior Ct. 204; Smith v. Holmesburg, Tacony & Frankford Electric Ry. Co., 187 Pa. 451; Dunkle v. City Passenger Ry. Co., 209 Pa. 125; Orr v. Conestoga Traction Co., 246 Pa. 441; Callahan v. Traction Co., 184 Pa. 425.

OPINION BY MR. JUSTICE WALLING, June 30, 1917:

There is a public highway extending in a southerly direction from Erie City, known as the "Edinboro Road." Kearsarge is a hamlet located on this road about four miles south of the city. Defendant's single track

suburban electric street railway is located in the west side of the highway, near the property line. John Wurst's farm is situated on that side of the highway, and his farm buildings are about one-fourth of a mile north of Kearsarge. His driveway extends easterly along the south side of the buildings, and to reach the highway passes over the railway by a right angle grade crossing. There is an orchard back of the buildings where picnics are held, called "Orchard grove picnic ground." And this driveway is used for farm purposes and also to reach the picnic ground.

On June 10, 1914, plaintiff's husband, Carl Moses, was driving a delivery wagon for the Perry Brewing Company, and about noon was going north from Kearsarge in a single wagon, and, as he turned to cross the track and enter this driveway, the front end of his wagon was struck by a northbound trolley car, under which he was thrown and fatally injured. He probably intended to drive to the orchard where a picnic was being held. The wagon was open, except a top over the seat. The track was straight, and, as he turned to cross it, he had an unobstructed view to the south for at least a quarter of a mile. The day was fair and there was no other person near the crossing and nothing to distract his attention from the approaching car, the sound of which was heard by persons about the farm buildings. The evidence tended to show that no gong was sounded or other warning given of the approach of the car. A young girl who saw the car said it was going pretty fast, and it ran eighty-seven feet after the collision. No witness was called who saw the accident.

At the conclusion of plaintiff's evidence the trial judge granted a compulsory nonsuit, and this appeal is from an order discharging a rule to strike off the same. The able argument of appellant's counsel has failed to satisfy us that error was thereby committed. In our opinion the deceased as matter of law was chargeable with contributory negligence. The rule is inflexible that one approach-

ing a street railway must look for the movement of the cars immediately before walking or driving upon the track: Carson v. Federal Street and Pleasant Valley Ry. Co., 147 Pa. 219; McCracken v. Consolidated Traction Co. (No. 1), 201 Pa. 378; Flynn v. Pittsburgh Railways Co., 234 Pa. 335; Ervay v. Waverly, Sayre & Athens Tract. Co., 240 Pa. 440; Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180. The law presumes that one about to cross a railroad track performs his duty, but that presumption is rebutted where a man walks or drives upon the track and is immediately struck by a locomotive or car that was in full view when it became his duty to look: Marland v. Pittsburgh & Lake Erie R. R. Co., 123 Pa. 487; Myers v. Balt. & Ohio R. R., 150 Pa. 386; Gangawer v. Philadelphia & Reading R. R. Co., 168 Pa. 265; Holden v. Penna. R. R. Co., 169 Pa. 1. The deceased had a clear and unobstructed view to the south for a quarter of a mile, and, by a glance in that direction as the horse neared the crossing, would have seen the approaching car, which was so near that he was struck by it before he had gone fifteen feet. The result indicates that he thoughtlessly committed himself to the act of crossing the track without any effort to ascertain the movement of cars thereon.

The presumption that a man used due care is rebutted where the undisputed evidence shows that he drove in front of an approaching street car, which was in full view for thirteen hundred feet, at a right angle crossing of a single track, in the open country at noonday, and with apparently nothing to distract his attention, and was struck by the car as he drove upon the track. As the deceased approached the crossing the car was in full view; if he did not see it he was negligent, if he did see it and attempted to drive in front of the car he was equally so, for he who attempts to drive across the track when a car is approaching in dangerous proximity to the crossing assumes the risk of so doing. One may cross the

track in advance of an approaching car if apparently he has ample time to do so. But the theory that the deceased was justified in making that attempt here is not tenable; for he was struck almost immediately after passing the point where he should have looked, in fact so soon that the wagon was left on that side of the track. See Weber v. Philadelphia Rapid Transit Co., 256 Pa. 595; Hicks v. Philadelphia Rapid Transit Co., 53 Pa. Superior Ct. 174. This was not the case of a diagonal crossing, or where the driver had to pass over several tracks and was misled by the unlawful speed of the approaching car. Aside from that the evidence would not sustain a finding that the car was moving at reckless speed; for we have repeatedly held that an allegation of excessive speed is not sustained by the statement of a witness that it was going pretty fast, or other like expression: Yingst v. Lebanon & Annville St. Ry. Co., 167 Pa. 438; Moss et ux. v. Philadelphia Traction Co., 180 Pa. 389; Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448. The mere fact that a suburban trolley car, in the open country, goes eighty-seven feet after striking a wagon will not of itself justify a finding of reckless speed.

There is some evidence as above stated tending to show that the gong was not sounded, but it is not necessary here to decide whether or not it should have been for that crossing; for if the deceased looked he saw the car and needed no further warning, if he failed to look plaintiff cannot recover regardless of the other questions in the case. The top over the driver's seat did not excuse his failure to look, and as the horse and wagon turned to the west he could have looked south and it was his duty to do so, even if he had to lean forward in his seat: Pieper v. Union Traction Co., 202 Pa. 100; Wheelahan v. Phila. Traction Co., 150 Pa. 187. This was a place requiring care on both sides and neither was bound to anticipate that the other would be negligent. The driver of the horse was not bound to assume that the car would approach the crossing at excessive and unlawful speed,

neither was the motorman bound to assume that the deceased would turn from the public road and drive suddenly on the track in front of the car, without notice or warning. While the deceased knew he was about to turn into the driveway, the motorman had no such advance notice. As the deceased's contributory negligence was fatal to plaintiff's case it is not necessary to decide whether there was evidence of defendant's negligence sufficient to justify the submission of that question to the jury. The case of King v. Pittsburgh, Harmony, Butler & New Castle Ry. Co., 242 Pa. 497, relied upon by appellant, is not parallel to this. There plaintiff had a heavily loaded wagon and took every precaution, by stopping, listening and sending his son forward, to ascertain if the tracks were clear, and could obtain a view of only from four to six hundred feet, and the hind end of his wagon as it passed over the second rail was struck by a rapidly moving car.

The order discharging the rule to take off the nonsuit is affirmed.