# Warruna, Appellant, *v.* Dick.

*Negligence—Automobiles — Pedestrian standing in road — Collision—Examination of witness—Speed — Warning — Conclusion from facts—Failure to answer point—Charge—Sufficiency—Disinterested witness—Comment by court.*

1. Failure to answer a point does not constitute error if its subject-matter is elsewhere passed upon in the charge.

2. While a pedestrian may lawfully use any part of a highway he must do so with regard to the rights of other lawful occupants thereof and to the customs of the road.

3. Standing in a public highway at a point usually traveled only by vehicles is not a proper use thereof, and if one so standing is struck by a vehicle properly using the highway, as a rule he cannot recover from the driver thereof, who had no reason to anticipate his being there.

4. A trial judge may properly advise the jury as to the effect to be given to the testimony of the important, disinterested witnesses in the case.

5. Ordinarily it is for the jury alone to draw conclusions from the facts stated to or known by the witnesses.

Argued May 28, 1918.    Appeal, No. 185, Jan. T., 1917,

by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1912, No. 349, on verdict for defendant in case of Charles Warruna v. William H. Dick.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Trespass for personal injuries.   Before STRAUSS, J.

The facts appear by the opinion of the Supreme Court.

Verdict for defendant and judgment thereon.   Plaintiff appealed.

*Errors assigned,* among others, were various rulings on evidence and the charge of the court.

*Frank P. Boyle,* with him *Edward A. Lynch,* for appellant.

*John H. Bigelow,* with him *Joseph Mulherin,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 11, 1918:

While walking on the side of a public highway, plaintiff, who was blind in one eye, espied an approaching automobile going in the same direction as himself, and walked or ran into the middle of the road in order to obtain a ride upon it.   It did not stop for him, and as he stood there he was struck by defendant's automobile, which was going in the opposite direction.   As his basis for recovery he only avers excessive speed on the part of defendant, who denies that charge and alleges contributory negligence on plaintiff's part.   The jury found a verdict for defendant.   The only errors assigned relate to the charge.

The first assignment complains because the court did not specifically answer plaintiff's first point to the effect that he had an equal right with the defendant to be where he was at the time of the accident; but the failure to answer it becomes unimportant in view of the fact

that the court charged as complained of in the second assignment, that "the plaintiff and defendant did not have equal rights to the road at that point." If that charge was right, the failure to answer the point was not error.

It may be admitted that a pedestrian has an equal right with the driver of a vehicle on every part of a public road, but in exercising his right he must have regard to the rights of others, and to the customs of the road. Traffic would be greatly impeded if pedestrians were held entitled to walk or stand on a public highway when, where and as they please, and particularly on a road but twenty feet wide, as was this one. Under such circumstances, even if the traffic was moving in but one direction, vehicles could not travel faster than the speed of the slowest pedestrian. By reason of these facts, despite the right under proper circumstances to use any part of the highway, custom has established the rule of "keep to the right"; and it has no less established the rule of pedestrians using the sides and vehicles the centre of the highway, subject to certain modifications not necessary to be here considered, inasmuch as plaintiff left the side and went into the middle of the road, solely because he wished to get a ride on the approaching automobile. When he was injured he was not even walking in the road, but was standing in a place which he knew was usually traversed by vehicles; and he so stood with his blind side towards defendant's approaching automobile, the driver of which had no reason to suspect either plaintiff's continuous standing there, or his blindness. Under such circumstances the court below certainly went as far as it properly could when, at defendant's request, it told the jury that he "was bound to anticipate that he might meet infirm persons on this public highway, and ......it was his duty to have his automobile under control and to run it at a proper rate of speed."

The third assignment complains because undue prominence was given to the testimony of the driver of the

automobile in which defendant was seeking to obtain a
ride.  He was a disinterested witness who was in a
position to see all that occurred, and to say that his
"testimony is of the utmost importance in the case" is
but to state a truism.

The fourth and fifth assignments complains because
a witness was not permitted to state the "rate of speed"
at which defendant's automobile was traveling, and
whether it was traveling "fast or slow." As to the for-
mer the witness had testified that he was too far away to
give a correct estimate as to the rate of speed; and as
to the latter the objection was sustained because "one
may call a thing fast which another man would call
slow," certainly a valid objection which plaintiff did not
try to meet.

The sixth assignment complains because another wit-
ness was not allowed to "state whether or not a warning
was given." He had already testified that he heard none,
and would have been in position to hear one had it been
given.  This was all that he actually knew.  It was for
the jury and not for the witness to draw therefrom the
conclusion sought by the question.

The seventh and last assignment complains of a part
of the charge relating to the measure of damages, but, as
the verdict was for defendant, that matter became un-
important.

The assignments of error are overruled and the judg-
ment is affirmed.