## Rankin *v.* Carroll, Appellant.

Argued May 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Edward J. McGinness*, for appellant.

*Paul W. McAllister, John H. Sorg* and *Ralph J. Mc-
Allister*, of *McAllister & McAllister*, for appellee, were
not heard.

OPINION BY KENWORTHEY, J., July 23, 1942:

This case involves a head-on collision between two
automobiles; one driven by plaintiff, the other by de-
fendant.   Defendant has appealed from the refusal of
his motion for judgment n. o. v.  His sole contention is
that plaintiff was guilty of contributory negligence as
a matter of law.

The accident happened about eleven-fifteen P.M., Janu-
ary 12, 1940, on the highway between McKeesport and
Irwin.  The highway is twenty feet in width, with eight-
een inch berms.  Plaintiff testified that he first noticed
the headlights of defendant's car coming toward him
on the wrong side of the road about six hundred to
seven hundred feet away.  Defendant continued on the
wrong side of the road until the collision occurred.
When he first saw defendant's car, plaintiff was travel-
ing about forty to forty-five miles per hour.  He took

his foot off the accelerator and "I kept edging over to my right, and knowing the road so well, [he had traveled it once a week or once in two weeks for the past eight years] I knew that I could not go too far, because of a ditch over there, but I got over as far as possible. I also knew there was a culvert there, and in back of this culvert there was a deep ditch, and I knew that I could not go down in there." He saw the culvert when he was within twenty-five or thirty feet of it; by that time he was traveling about ten or fifteen miles per hour. To avoid hitting the culvert, he turned slightly to the left into the road. Just as his right front fender grazed the culvert, defendant's car hit his left front wheel, damaging the entire left side.

Defendant argues: (1) That plaintiff, after seeing defendant's car approaching him on the wrong side of the road, had an absolute duty to stop, and (2) that his failure to stop when he saw the culvert was a violation of the Act of May 1, 1929, P. L. 905, Article X, Sec. 1002 as amended June 27, 1939, P. L. 1135, Sec. 23, 75 PS 501, which requires an operator of a motor vehicle "to bring the vehicle to a stop within the assured clear distance ahead."

It is not necessary to deal specifically with either of these contentions. The answer to both is that the jury could have found from the evidence the plaintiff's failure to stop, even if a breach of duty, was not a causa sine qua non. See Restatement, Torts Secs. 465 and 432(1). When plaintiff turned slightly out on the road to avoid the culvert, it is not clear how far out he turned. Since the right front fender scraped the culvert, which was beyond the berm, it is reasonable to assume his right wheels were still on the berm. The burden was on defendant to prove not only the plaintiff violated a duty, but that, save for the violation, the accident would not have happened; in other words, that plaintiff's negligence was the proximate cause of the accident. *Little v. Straw*, 326 Pa. 577, 192 A. 894.

Judgment affirmed.