Gallenz et al., Appellants, *v.* Griffiths.

Argued April 28, 1944. Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

*George A. Dawson,* for appellants.

*Samuel W. Pringle,* of *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY KENWORTHEY, J., July 15, 1944:

Minor plaintiff, a boy of fifteen, suffered personal injuries when he was unable to stop the bicycle he was riding in time to avoid colliding with defendant's parked automobile. The accident occurred in Etna, Allegheny County. Defendant had parked her automobile along the curb and facing south on the west side of Kittanning Pike, a 20 feet wide street. Plaintiff was riding down-hill in a southerly direction. At about the point where the automobile was parked the Pike curves sharply to the left or east and visibility is obscured by buildings close to the sidewalk and by trees and poles along the curb. The accident happened about one-thirty p. m. on a clear June day. Plaintiff was at least 75 feet from the standing automobile when he observed it. When he reached a point about 15 feet from it he suddenly noticed an approaching northbound vehicle alongside defendant's car. Recognizing he could not safely pass between the two automobiles he applied his brakes and he and his bicycle "flew underneath the parked car."

The lower court entered judgment for defendant on the ground defendant's negligence, if any, was not the proximate cause of the accident and that plaintiff was contributorily negligent as a matter of law.

The judgment will be affirmed.

There was evidence that defendant had parked her automobile less than 25 feet from the point where the Pike intersects Catherine Street in violation of section 1020 of the Motor Vehicle Code (75 PS §612, Par. 4) and more than 6 inches from the curb (the testimony indicated the right rear wheel was a foot or a foot and a half from the curb) in violation of the same section (75 PS §612, Par. 15). Obviously these violations had nothing to do with the accident: *Rankin v. Carroll,* 149 Pa. Superior Ct. 158, 27 A. (2d) 487; *Venorick v. Revetta et al.,* 152 Pa. Superior Ct. 455, 33 A. (2d)

655. And even if, without an express provision in the Motor Vehicle Code prohibiting it, the fact that defendant parked on a curve was enough to support a finding of negligence, in our opinion plaintiff's contributory negligence was so clear that we do not reach the question of proximate cause.

A bicycle rider has the same duty as any other vehicle operator—to keep it under such control that he can stop or turn it to avoid collisions: *Mehler v. Doyle,* 271 Pa. 492, 115 A. 797. He cannot, willy-nilly, run it into a standing vehicle and recover damages for his resulting injury: *Simrell v. Eschenback,* 303 Pa. 156, 154 A. 369. And a boy of fifteen years of age is deemed to be sufficiently capable of appreciating the dangers incident to bicycle riding to convict him, in a proper case, of contributory negligence as a matter of law: *Geiger v. Garrett,* 270 Pa. 192, 113 A. 195; *Miller v. City of Erie,* 340 Pa. 177, 16 A. (2d) 37.

When plaintiff saw the parked automobile 75 feet away and knew his view around the curve was obstructed he was bound to realize he would not be able to determine whether he could pass the automobile in safety until he was almost upon it. He was bound to anticipate the approach of other vehicles coming up the hill in the opposite direction. His clear duty was to bring his bicycle under such control that he could stop behind the parked automobile and not run into it if the necessity, created by a vehicle approaching in the opposite direction, should develop. His failure to fulfill this duty was negligence and that negligence contributed to his injury: *Cardarelli v. Simon,* 149 Pa. Superior Ct. 364, 27 A. (2d) 250.

Judgment affirmed.