## Davis et al., Appellants, *v.* Moylan.

Argued May 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Milton J. Kolansky,* for appellants.

*J. Frank Connolly,* for appellee.

OPINION BY MR. JUSTICE LINN, June 25, 1946:

On a clear day, the minor plaintiff, riding a bicycle, collided with the right door handle of a Chevrolet Sedan driven by the defendant on Gordon Avenue in the city of Carbondale. The minor was then one month short of sixteen years of age. His father brought this suit for damages and the jury rendered verdicts for the plaintiffs. The court granted defendant's motion for judgment notwithstanding the verdicts on the ground of the minor plaintiff's contributory negligence. The plaintiffs appeal.

Gordon Avenue is a much traveled street 18.3 feet wide between curbs; the curb was "4 or 5 inches high." The plaintiff was familiar with the street which was used for northbound and for southbound travel. He crossed it from the west to the east side and entered a gas station which abuts on the east side of the street. When he left the gas station, instead of re-crossing to the west side of the street, he started southward on a rough path, which he said was five feet wide, along the eastern boundary of the Avenue. This path extended from the gas station to a point about 44 feet south of it. From the point where the gas station abuts on Gordon Avenue, looking southward, one had a view of about 400 feet, except as it might be interrupted by intervening northbound traffic.

The only description of the accident offered in plaintiff's side of the case is the evidence of the minor himself, and that evidence is not sufficient to support the cause of action alleged. The defendant's account, which we lay aside, is quite different. A plaintiff who has the burden of proof must produce evidence from which the court, aided in proper cases by the jury, can reconstruct

the event on which plaintiff bases his right to recover: see *Brooks v. Morgan,* 331 Pa. 235, 239, 200 A. 81; *Musleva v. Patton Clay Co.,* 338 Pa. 249, 254, 12 A. 2d 554; *Pfendler v. Speer,* 323 Pa. 443, 445, 185 A. 618. In the absence of such evidence, a plaintiff cannot succeed. In *Mudano v. Phila. Rapid Transit Co.,* 289 Pa. 51, 137 A. 104, at page 59, MOSCHZISKER, C. J., stated: "Finally, in *Gausman v. Pearson Co.,* 284 Pa. 348, 353, we said: 'Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to individuate that one as [in fact] the proximate cause of his damage . . . otherwise there can be no recovery.' " See, also, *Liguori v. Phila.,* 351 Pa. 494, 498, 41 A. 2d 563.

There is uncontradicted evidence of circumstances which weigh heavily against the plaintiffs. The minor testified that as he was "leaving the gasoline station" he saw the defendant's car approaching "30 or 40 feet away"; that as he "got on this pathway" the car was "about 15 feet away" and he continued riding "4 or 5 feet" when "a car plunged into me." But there is neither averment nor evidence that defendant's car left the highway, crossed the curb and got on or extended over the pathway. According to the plaintiff's account, he was riding "in the middle" of the five foot path which would place him 2½ feet east of the cartway. It is undisputed that the plaintiff's right hand came in contact with the handle on the door on the right side of the defendant's car and that the car stopped within four or five feet in the highway some distance from the curb. The plaintiff was lying in the roadway "about two feet" from the curb and "4 or 5 feet" from defendant's car. The bicycle was not damaged and was lying on the western side of the highway. The Chief of Police of Carbondale, called by plaintiffs, described the scene as he saw it almost immediately after the accident; he testified that there were blood stains "on the curb but most of the stains were on the roadway" for "possibly a couple feet" while another

of plaintiffs' witnesses fixed the distance at four and a half feet from the curb.

The minor plaintiff was asked: "Q. Edward, can you show me the position your arm would be in when you were riding a bicycle? A. Sure. My bicycle handles didn't stick out. My handles on my bike didn't stick out like some of them. They were straight down. My arms would have been like this, I imagine (indicating). Q. How far was Mr. Moylan's car from the curb? A. I don't know." He was also asked: "Q. Didn't you come down Gordon Avenue at a fair rate of speed? A. I don't remember how fast I was going. Q. And as you attempted to make the left turn, south, didn't your bicycle go into the cartway? A. No. Q. And didn't it skid on the sand and gravel? A. Not as far as I know. Q. Pardon me. A. I don't remember of it. Q. You don't remember that. It may have skidded? A. No; I don't believe it would have. Q. And as you attempted, then, to get up onto this pathway, didn't your bicycle strike either the curb or a stone? A. No, sir. Q. And didn't you fall sideways off your bicycle into this car, which was traveling out in the roadway? A. No. Q. Why is it you were able to avoid being struck by the front end of the car, which had already passed you when this accident occurred, if you were on the pathway? A. I know nothing about it. Q. You don't know anything about that. You weren't struck by the front end of the car, were you? A. No, on the side."

The standard of care required of operators of vehicles on public highways is well settled, and must be observed by the bicycle rider: *Mehler v. Doyle,* 271 Pa. 492, 115 A. 797; *Gallenz v. Griffiths,* 155 Pa. Superior Ct. 306, 38 A. 2d 721. The minor plaintiff saw the defendant's car approaching him on the side of the street on which it was defendant's duty to travel, yet in spite of defendant's approach a short distance ahead of him, he attempted to pass defendant's car where there was not sufficient room to pass; the law does not impose

on the defendant the consequences of plaintiff's mistake of judgment. We may also add that the record will not support a finding that defendant was negligent; his statement, referred to in plaintiffs' brief, that he could have stopped his car is not sufficient, coupled, as it was, with his explanation that "I thought if I stopped he would have hit the front of the wheel, the car" to avoid which, defendant turned toward his left. According to the plaintiff, the distance between him and defendant was 10 or 15 feet, or 30 or 40 feet with the parties approaching each other; the emergency resulted from plaintiff's conduct, not from defendant's.

Judgment affirmed.