Layman, Appellant, v. Gearhart.

188

Argued March 25, 1957.  Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Anthony Cavalcante,* for appellants.

*David E. Cohen,* with him *Joseph W. Ray, Jr.* and *Ray, Coldren & Buck,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May 29, 1957:

These appeals are from the refusal of the court below to take off a nonsuit entered in a trespass action instituted for the recovery of damages for injuries sustained by a minor-pedestrian when struck by an automobile.

At approximately two o'clock in the afternoon of December 8, 1951—a clear day—appellee was driving his automobile in an easterly direction on a macadam state highway which runs generally from Connellsville to Melcroft in Fayette County, this state. As this highway passes through the hamlet of Clinton, it is intersected at right angles by another state highway. The intersection is marked with both directional and school zone signs. As the appellee approached this intersection from the west, the minor appellant, Roy Layman, aged 8 years, was observed by two witnesses walking across the grounds of a public school, which school is located on the southerly side of the Connellsville-Melcroft Highway and east of the intersection. They noticed that he was eating something which he held in his hand as he walked along. Just where on the school grounds the boy was walking was not depicted either with exactness or even approximation.

One of the appellants' witnesses testified she saw some children proceeding westerly on the northerly

side of the Connellsville-Melcroft Highway east of the intersection, and that appellee's car was coming "very fast" on the southerly side of said highway, west of the intersection. Another of appellants' witnesses testified that appellee's car was moving "very rapidly". Both of these witnesses testified that they heard the squeal of brakes after appellee's automobile had passed the crossroad service station—located at the southwest corner of the intersection—where they were standing, that they saw the automobile running in the ditch on the southerly side of the highway, and that they saw appellee pull the minor child from beneath his car after it stopped with its two right wheels in the ditch and its two left wheels on the highway.

No eye-witness to the accident was called. Appellants sought to establish a prima facie case solely by the testimony of the two witnesses previously mentioned and two additional witnesses, who neither heard nor saw the accident. The appellee presented no evidence.

At the trial it was established that appellee's car had stopped 122 feet east of the intersection and that skid marks ran from the car backward to a point on the highway approximately 25 feet from the intersection.

After the presentation of the above evidence, appellants rested their case on the question of liability and the learned trial judge granted appellee's motion for a compulsory nonsuit on the ground that the evidence was insufficient to submit the question of appellee's liability to the jury. Appellants' motion to take off the nonsuit was denied by the court below and this appeal followed.

Our scope of review upon this type of appeal has often been enunciated by this court. In *Szukics v. Ruch,* 367 Pa. 646, 649, 81 A. 2d 903, we said: "In pass-

ing on a motion to remove a compulsory nonsuit and in reviewing a denial of such motion, the evidence must be considered in a light most favorable to plaintiff, and he must be given the benefit of every inference and deduction reasonably to be made therefrom: Pennsylvania Railroad Co. v. J. Jacob Shannon & Co., 363 Pa. 438, 70 A. 2d 321; Kallman v. Triangle Hotel Co. of Pennsylvania, 357 Pa. 39, 52 A. 2d 900." See also: *Finnin v. Neubert,* 378 Pa. 40, 41, 42, 105 A. 2d 77.

The principles of law applicable to this kind of case have frequently been enunciated by this court. In *Ebersole v. Beistline,* 368 Pa. 12, 16, 17, 82 A. 2d 11, former Chief Justice HORACE STERN stated for this court: ". . . The mere fact that a collision has occurred between two vehicles affords no basis, in the absence of evidence as to the manner of its occurrence, for inferring that one party rather than the other was at fault; in other words, the doctrine of res ipsa loquitur does not apply. [Citing cases]. . . . The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact-finding tribunal reasonably to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident. [Citing *Skrutski v. Cochran,* 341 Pa. 289, 291, 19 A. 2d 106; *Martin v. Marateck,* 345 Pa. 103, 106, 27 A. 2d 42, 44; *Balducci v. Cutler,* 354 Pa. 436, 439, 47 A. 2d 643, 644; *Davis v. Moylan,* 354 Pa. 508, 509, 510, 47 A. 2d 641, 642; *Ashby, Admr. v. Philadelphia Transportation Co.,* 356 Pa. 610, 612, 52 A. 2d 578, 580; *Donaldson v. Pittsburgh Rwys. Co.,* 358 Pa. 33, 36, 55 A. 2d 759, 761; *Stanalonis, Admr. v. Branch Motor Express Co.,* 358 Pa. 426, 429, 57 A. 2d 866, 868.] A verdict cannot be supported on the basis of mere speculation or conjecture. [Citing *Purdy v. Hazeltine,* 321 Pa. 459, 464, 184 A. 660, 662; *Pfendler v. Speer,* 323 Pa. 443, 448, 185 A.

618, 620; *Stauffer, Admr. v. Railway Express Agency, Inc.,* 355 Pa. 24, 25, 47 A. 2d 817, 818; *Ashby, Admr. v. Philadelphia Transportation Co.,* 356 Pa. 610, 613, 52 A. 2d 578, 580; *Stanalonis, Admr. v. Branch Motor Express Co.,* 358 Pa. 426, 429, 57 A. 2d 866, 868.] Proof of negligence may be furnished by the circumstances themselves and it is not essential to have eye-witness testimony, but where the circumstantial evidence is offered because direct proof is not available, it must provide as the only reasonable inference the conclusion that the accident was caused by the negligence of the defendant. [Citing cases]. . . ."

Although the *Ebersole* case involved a collision between two vehicles—an automobile and a bicycle—the same principles are applicable in pedestrian-vehicle accident cases. Cf: *Finnin v. Neubert,* supra, a case quite similar on its facts and in the questions presented on the present appeal.

Reviewing the present record in the light of these authorities, it is clear that appellants' evidence—considered in the light most favorable to them—was so legally insufficient as to preclude its submission to the jury for a determination of appellee's responsibility for this accident. Appellants failed to establish a prima facie case by their failure to shed any light on the crucial issue of the case, i.e. the physical location of the minor child in relation to the highway at the time he was struck by appellee's automobile. There would be sound reason for sending this case to the jury if it had been shown that the boy was struck while alongside the road, or in the ditch, or even in the road itself if it were also proven that appellee, had he been reasonably alert, would have been able to avoid hitting him. But this is not the case. Appellants have merely offered evidence tending to place the boy on the school grounds at an unascertained distance from the highway *before* the accident. *There is, moreover, a com-*

*plete lack of evidence indicating where, how or when the boy appeared in the path of the oncoming automobile.* From the evidence adduced, it is as reasonable to assume that the boy dashed into the road or fell upon it as it is to assume that the accident was caused solely by appellee's negligent management of his vehicle. The evidence clearly fails to describe, picture or visualize what actually happened and any verdict based upon it would necessarily be the result of mere speculation, guess and conjecture on the part of the jury.

Nor does the testimony which was adduced at trial concerning the speed of appellee's vehicle serve to prove negligence on the part of appellee. The only evidence of speed introduced was the testimony of two witnesses, admitted over appellee's objection, that appellee's automobile was moving "very fast" or "very rapidly". Skidmarks and testimony as to the screeching of brakes are not such circumstantial evidence as will support a finding of negligence unless there is additional evidence indicating *how* the accident occurred: *Pfendler v. Speer,* supra, pp. 445, 446. While this court has held that a witness who lacks the qualifications of an expert may nevertheless give his opinion as to the speed at which a vehicle was moving at a given time (*Kotlikoff v. Master,* 345 Pa. 258, 264, 27 A. 2d 35) and that absolute accuracy is not a prerequisite for the competency of such an opinion, yet testimony to the effect that a vehicle was moving "fast" or "slow" or at an "excessive" speed has always been held too vague to have any evidentiary value: *Moses v. Northwestern Pennsylvania Railway Co.,* 258 Pa. 537, 541, 102 A. 166; *Warruna v. Dick,* 261 Pa. 602, 605, 104 A. 749; *Laubach et al. v. Colley,* 283 Pa. 366, 371, 129 A. 88; *Dopler v. Pittsburgh Railways Co. et al.,* 307 Pa. 113, 117, 160 A. 592. The testimony of appellants' witnesses describing the speed of appellee's vehicle was completely relative;

speed must be shown in a more definite and positive manner.

Further—assuming, arguendo, that appellee's speed was excessive—there is a complete lack of proof on this record that speed was the proximate cause of the accident: *Ebersole v. Beistline,* supra, p. 18. It is, of course, true that the accident occurred in a school zone and that ordinarily the driver of an automobile has a duty to keep his car under such control that he can stop it as quickly as possible under the circumstances: *Stevenson et al. v. Sarfert,* 310 Pa. 458, 462, 165 A. 225; *Fries v. Ritter,* 381 Pa. 470, 112 A. 2d 189. This principle of law, however, is not applicable to the facts of the instant case where the accident occurred at 2 o'clock on a Saturday afternoon—at a time and on a day when school was not in session. Parenthetically it may be noted that the speed limit of 15 miles per hour set in school zones by The Vehicle Code of May 1, 1929, P. L. 905, §1002 (b) 2, 75 PS §501 (b) 2, is expressly made applicable only "during school recess, or while children are going to or leaving school during opening or closing hours." It is clear that the statutory restriction and the rule of the *Stevenson* case cannot be applied in a situation such as the present one, when no reasonable man would have reason to anticipate the movement of children in the school zone: *Ondrusek, Admr. v. Zahn,* 356 Pa. 537, 540, 52 A. 2d 461.

We are fully aware of the tragic consequences of this accident and what the accident has meant and will mean to this boy and his parents. However, unless we are to completely ignore the fundamental tenets of the law of negligence, we cannot permit liability to be imposed where no liability has been shown to exist. The presumption that this boy, because of his tender years, was free from contributory negligence does not take the place of the proof required to show that appellee

was negligent: *Kay v. Pennsylvania Railroad Co.,* 65 Pa. 269, 276; *Baltimore, etc. Railroad Co. v. Schwindling,* 101 Pa. 258, 263; *Nichol et al. v. Bell Telephone Co.,* 266 Pa. 463, 467, 109 A. 649; *Stevenson et al. v. Sarfert,* supra, p. 461. See also: *Schofield, Admrx. v. King & Gourley,* 388 Pa. 132, 130 A. 2d 93.

The appellants failed to show *how* or *in what manner this* accident occurred. It necessarily follows that the court below had no choice other than to enter a compulsory nonsuit. It is the function of a jury to try the facts, not to speculate on what the facts might have been.

Judgment affirmed. Costs on Appellants.