Opinion by
 

 Wright, J.,
 

 At about three o’clock in the afternoon of May 21, 1961, in the eastbound lanes of Bigelow Boulevard at Seventeenth Street in the City of Pittsburgh, there was a violent collision between a Plymouth station wagon operated by Mrs. Lois G-. Scott and a 1954 Packard convertible operated by Robert L. Gillum. Mrs. Scott received fatal injuries in the collision, and was dead on arrival at Mercy Hospital. Gillum was indicted by the Grand Jury of Allegheny County, in Bill No. 178 December Sessions 1961, on a charge of involuntary manslaughter. The case was tried before Honorable J. Frank McKenna without a jury. At the conclusion of the Commonwealth’s testimony, counsel for the de
 
 *372
 
 fendant filed a demurrer to the evidence, which was overruled by the trial judge. Following testimony by the defendant, his mother, and a character witness, the trial judge entered a finding of guilty. Motions in arrest of judgment and for a new trial were denied by the court en banc, and sentence was imposed. This appeal followed.
 

 , The Commonwealth established that Bigelow Boulevard at the point of collision is fifty-two feet wide with two twelve-foot lanes eastbound, two twelve-foot lanes westbound, and a four-foot medial strip.
 
 [1]
 
 Mrs. Scott, aged thirty-three years and accompanied by three of her seven children, was driving east in the south lane. According to the testimony of Mrs. Jane Over, who was operating the car immediately following, the speed of Mrs. Scott’s vehicle was 30 to 35 miles per hour. It had been raining, and the asphalt road surface was wet. Signs were posted warning that the highway was slippery when wet, and limiting speed under such conditions to 40 miles per hour. Gillum, a young man twenty years of age, was driving west in the north lane. Ernest Carter, who was operating another westbound vehicle, testified that, just prior to the collision, Gillum had passed to his right “at a terrific speed”. Mr. Carter, who was proceeding at 30 to 35 miles per hour, did not express an opinion as to Gillum’s exact speed, but testified that he “was driving too fast for conditions”. He testified further that, in moving to the inner lane westbound, Gillum’s car slid sideways across the medial strip into the eastbound lanes. It proceeded in this slide, which the police officer distinguished from a skid caused by the application of brakes, for a distance of 18.7 feet to the point of collision. The rear tires on the Packard car were worn smooth. Mrs. Over testified that, when she first observed the Gillum vehicle, all
 
 *373
 
 four of its wheels were off the ground and she. “had the impression of a car flying”.
 

 Gillum testified that he had acquired the Packard car six days before the collision, and was on his way to Ohio. He was' licensed to drive in that state, but not in Pennsylvania. He has sight in only the left eye. He had paid $175.00 for the car,.and this was the first time he had driven it in wet weather. He testified that he was traveling at a speed of only 35 to 40 miles per hour because he knew the road was slippery. “Q. Would you tell us what your recollection is as to how this accident occurred? A. Well, I was on Bigelow Boulevard headed toward town. The last thing I can really remember is applying my brakes and going into a skidding action, more or less”. Gillum was unconscious for two days after the collision.. On cross-examination he testified as follows: “Q. Why did you apply your brakes? A. Well, I don’t know. Q. You don’t know? A. I think I was — I don’t know about that. Q. You have no idea? A. I can’t say”.
 

 Counsel for appellant raises two questions on this appeal. He first contends that the judgment should be arrested because the Commonwealth failed to present evidence “of a recklessly or. culpably negligent act”. His alternate contention is that a new trial should be. granted because of error by the trial judge in permitting testimony that appellant was driving too fast for conditions. We perceive no merit in either contention.
 

 (1) There is no dispute as to the applicable legal principles. The crime of involuntary manslaughter is proscribed by Section 703 of The Penal Code
 
 [2]
 
 as follows : “Whoever is convicted of involuntary manslaughter, happening in consequence of an unlawful act, or the doing of a lawful act in an unlawful way, is guilty of a misdemeanor”. As we recently stated in
 
 Common
 
 
 *374
 

 wealth v. Hartle,
 
 200 Pa. Superior Ct. 318, 188 A. 2d 798: “The offense consists of the killing of another person without malice and unintentionally, but in doing some unlawful act not amounting to a felony, or in negligently doing some lawful act . . . Where the act in itself is not unlawful, to make it criminal, the negligence must be such a departure from prudent conduct as to evidence a disregard of human life or an indifference to consequences . . . Reckless driving upon the highway is such a departure from prudent conduct”.
 

 Our review of this record leads us to agree with the court en banc that “the evidence is overwhelming that the defendant was guilty of gross negligence and reckless conduct . . . [and] exhibited a total disregard for the safety of other persons lawfully using the highway”. That appellant was operating at a highly excessive rate of speed is demonstrated by the fact that his car jumped the medial strip with such force that all four wheels were off the ground and by the fact that, after sliding a distance of 187 feet in the eastbound lanes, it struck the Scott vehicle with dreadful impact. Appellant’s explanation that he applied the brakes and then went into a skid was negatived by the testimony that his slide was not caused by the application of brakes. Indeed, appellant’s testimony that he had actually applied his brakes was evasive and unconvincing. It is our view that the primary cause of the collision was appellant’s reckless speed.
 

 (2) Appellant relies on
 
 Layman v. Gearhart,
 
 389 Pa. 187, 132 A. 2d 228, in which it was stated that “testimony to the effect that a vehicle was moving ‘fast’ or ‘slow’ or at an ‘excessive’ speed has always been held too vague to have any evidentiary value”. However, it was also pointed out in that case that absolute accuracy is not a prerequisite for the competency of an opinion as to the speed of a moving vehicle. The witness Carter was an operator of long experience. He demon
 
 *375
 
 strated complete knowledge of the prevailing conditions. We do not believe that the trial judge erred under the circumstances in permitting him to testify that appellant was driving too fast for those conditions. Even if his testimony was technically inadmissible, we do not feel, in view of the other testimony in the case, that the error was sufficiently prejudicial to require a new trial.
 

 The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.
 

 [1]
 

 A medial barrier has since been
 
 erected.
 

 [2]
 

 Act of June 24, 1939, P. L. 872, 18 P.S. 4703.