## Wenhold, Appellant, *v.* O'Dea.

Argued January 16, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Philip A. Campbell,* with him *Victor Frey,* of *Frey & Campbell,* for appellant.

*Charles E. Kenworthey,* with him *Evans, Bayard & Frick,* for appellee.

OPINION BY MR. JUSTICE DREW, March 27, 1940:

In this action of trespass, plaintiff, on behalf of herself and three minor children, seeks to recover damages

for the death of her husband, Guerney Wenhold, which resulted from injuries sustained when he was struck by an automobile owned and operated by defendant. This appeal is from the action of the lower court in refusing to take off a compulsory nonsuit.

About an hour after sunset on October 29, 1937, Wenhold, accompanied by Charles Howe, parked his automobile on Welsh Road, near Tennis Avenue, Montgomery County, facing west and almost entirely off the paved road, leaving a clearance of about 15 feet for other vehicles to pass. The road was being widened and Wenhold was employed in the construction. He alighted from the car intending to cross the road in order to put warning lanterns on the construction work. Approximately 15 seconds after he left the car, Howe heard a "thud" and, thinking that something had happened, got out of the car and found Wenhold lying unconscious on the berm at the south side of the road, having been struck by defendant's car.

At the trial Howe testified that he had not seen the accident, since it had occurred behind him and he was looking forward at the time. He did say, however, that he had seen defendant's car with its headlights burning approaching the scene of the accident, having first noticed it when it was 200 or 300 feet away. He was permitted to testify, over objection, the learned trial judge reserving decision, that the car was traveling at a rate of speed of between 48 and 58 miles per hour. He further said that defendant, when he returned to aid Wenhold, left his car about 150 to 175 feet east of where the injured man was lying. There were no skid marks on the highway.

The defendant offered no evidence at the trial. He was the only eyewitness to the accident, and his testimony given before the coroner of Montgomery County soon after the accident was offered at the trial by plaintiff, who also then called defendant for cross-examina-

tion. According to this testimony, when defendant's car struck Wenhold, the latter was on the highway, one or two feet from its south edge, and was facing in that direction. Defendant stated that he first saw Wenhold so close to the right front fender that it was impossible to avoid striking him.

After all the evidence had been received, the learned trial judge, upon defendant's renewal of the motion, ordered Howe's testimony as to the speed of defendant's car to be stricken from the record and entered the nonsuit. Plaintiff contends that the evidence and the inferences arising therefrom required the submission of the question of defendant's negligence to the jury and that it was error to strike out Howe's testimony as to the speed of the car.

In stating the facts, we have, as we are bound to do, viewed the evidence in the light most favorable to plaintiff. The important question for decision is, was a cause of action made out. It is obvious plaintiff has failed to show how the accident happened. The record is devoid of testimony as to any facts essential to determine liability. The only certain thing revealed is that Wenhold was struck almost immediately, within about 15 seconds, after he stepped upon the highway. His actions from the time he alighted from his car until almost the instant he was struck are unexplained, so that it is impossible to infer from the evidence presented that defendant saw or should have seen him before the accident in order to avoid striking him. The burden was upon plaintiff to show that defendant was negligent and that his negligence was the proximate cause of the accident, but this she did not do. The law presumes that deceased was not negligent, but that lends no basis for inferring that defendant was negligent. The mere happening of an accident does not prove that one of the parties was negligent: *Sajatovich v. Traction Bus Co.*, 314 Pa. 569, 572. The evidence above set forth, which

was all that was produced as to how the accident occurred, fails completely to disclose any liability on defendant's part.

Plaintiff's principal contention is answered by *Brooks v. Morgan,* 331 Pa. 235, a case substantially identical to the one in hand. There also the victim was found unconscious, in a position indicating that he had been struck with considerable force, and plaintiff did not adduce evidence to show how the accident occurred. Mr. Justice BARNES, when confronted with such a record, said (p. 239) : "A verdict in favor of the plaintiff under such circumstances necessarily would rest upon speculation and conjecture rather than upon proof of negligence of defendant." A careful consideration of the facts of the present case, and all fair inferences to be derived from them, leads to the conclusion that there was no question of negligence of defendant to present to the jury. It must be remembered that "Circumstantial evidence to sustain a verdict must be so strong as to preclude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion for which the contention is made . . .": *Pfendler v. Speer,* 323 Pa. 443, 448.

As for the remaining point, the learned trial judge quite properly excluded Howe's testimony to the effect that he saw defendant's car coming toward him at a rate of speed of between 48 and 58 miles per hour. As stated by the lower court, the witness could not have formed his conclusion in the manner sanctioned by this court in *Dugan v. Arthurs,* 230 Pa. 299, 302, that is, from a comparison of the speed of other moving objects of which he had knowledge by experience with the speed of the object in question. He admitted that at the coroner's inquest a year earlier he had been unable to judge the speed of the car by what he saw at the time of the accident. He based his opinion on some information he had learned since, presumably, although he did not so state, from measurements and observations he made

at the scene of the accident a week or two before the trial. This disqualified his opinion as a lay opinion and no effort was made to qualify him as an expert, nor even to show the facts upon which his opinion was based.

There is no evidence that after striking Wenhold defendant's car ran 150 to 175 feet before stopping. Howe was not watching it, and his testimony is only to the effect that after he had alighted from his car and found Wenhold, he saw defendant walking toward him and that defendant's car was then that distance away. The car may have been driven to that place at the side of the road because it was a safer place to leave it.

Judgment affirmed.