Skrutski, Appellant, *v.* Cochran et al.

Argued January 14, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

290

*Z. R. Bialkowski,* of *Bialkowski, Bialkowski & Bialkowski,* with him *Samuel Lichtenfeld,* for appellant.

*Truman D. Wade,* for appellees.

PER CURIAM, March 24, 1941:

This appeal, taken by Sophie Skrutski from the refusal of the court below to take off a compulsory nonsuit, entered at the close of her evidence in an action to recover damages for the death of her husband, John Skrutski, resulting from injuries received when he was struck and knocked down by an automobile operated by minor appellee, Paul Cochran, and owned by the other appellee, Chester Cochran, cannot be sustained. No question of excessive speed or mechanical defect of the Cochran car is involved, and the evidence shows merely that Skrutski was struck by the right front headlight, right front fender, hood and cowl of the Cochran car while it was being operated by the minor appellee in a southerly direction, on the western side of the "Caln-Reedsville" road, at a point near where it passes the United States Veterans' Hospital, and that the driver of the car saw Skrutski, "who suddenly appeared in front of him," immediately before or at the instant of the impact—"when he was almost on him" and "just when the car struck him." As the court below states, "where he [Skrutski] was [until] at the most a split second prior to the collision does not appear."

This being the state of appellant's proofs, it is manifest that she has failed "so to describe, picture, or visualize what actually happened at the time of the accident as to enable one fixed with the responsibility for ascertaining the facts to find that [minor appellee] was guilty of negligence," and the nonsuit was, therefore, properly entered. See *Fisher et al. v. Amsterdam,* 290 Pa. 1; *Pfendler v. Speer,* 323 Pa. 443; *Brooks v. Morgan,* 331 Pa. 235; *Hulmes v. Keel,* 335 Pa. 117; *Wenhold v. O'Dea,* 338 Pa. 33. The law presumes that appellant's deceased husband was not negligent, but this presumption merely negatives contributory negligence as a factor; it lends no basis for inferring that minor appellee was negligent: *Pfendler v. Speer* and *Wenhold v. O'Dea,* both supra.

Appellant's situation is not materially changed by reason of the circumstance that at the point of accident the "Caln-Reedsville" road runs through a "cut," the length of which does not appear, formed by an embankment of earth five feet high on the west side and an embankment of six feet on the east. While it is not required that the manner in which the accident happened be established by eyewitnesses, the circumstantial evidence relied upon must be "so strong as to preclude the possibility of injury in any other way and provide as the only reasonable inference the conclusion for which the contention is made": *Pfendler v. Speer,* supra, 448. As the court below points out, it is among the possibilities in the present case, not negatived by the evidence, that Skrutski, who was at the time of the accident an inmate of the Veterans' Hospital with "ground parole freedom," suffering from dementia praecox, paranoid type, could have been walking along the berm of the macadam roadway and suddenly stepped into the path of Cochran's car, or, despite counsel's argument as to the improbability thereof, he may possibly have fallen or even jumped off the bank into the path of the car.

Judgment affirmed.