## Stauffer, Admr., *v.* Railway Express Agency, Inc., Appellant.

Argued March 28, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused July 16, 1946.

*Sidney J. Watts*, with him *Baker & Watts*, for appellant.

*Clair D. Moss, for appellee.*

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 25, 1946:

A young boy was killed in an accident. The parents claim that he was struck by defendant's truck as a result of the driver's negligence. The claim is opposed by defendant on the ground that there is not sufficient evidence to support it. The jury rendered a verdict for the administrator of $3,742.85 under the "Death" Act, and $17,000 under the "Survival" Act.

The rules prescribing the measure of proof required to establish negligence have been frequently stated; the difficulty is in their application. It is not enough to show merely that an accident occurred, or that it may have happened from any of several causes, equally probable, for only one of which the defendant would be responsible; a jury cannot be allowed to find a verdict on the basis of a mere guess or conjecture; there must be a description of the facts and circumstances sufficient to justify a reasonable conclusion that the defendant was negligent and thereby caused the accident. Among recent cases enunciating and applying these principles may be cited *Skrutski v. Cochran*, 341 Pa. 289, 19 A. 2d 106; *Houston v. Republican Athletic Association*, 343 Pa. 218, 22 A. 2d 715; *Martin v. Marateck*, 345 Pa. 103, 27 A. 2d 42; *Fix v. Pennsylvania Power & Light Co.*, 346 Pa. 598, 31 A. 2d 114; *Liguori, Admr. v. Philadelphia*,

351 Pa. 494, 498, 41 A. 2d 563, 564. But, on the other hand, it is not necessary that there be testimony of eye-witnesses; circumstantial evidence may be amply sufficient to prove negligence: *Pfendler v. Speer,* 323 Pa. 443, 445, 185 A. 618, 619; *Grimes v. Yellow Cab Co.,* 344 Pa. 298, 302, 25 A. 2d 294, 296; *Giordano v. Clement Martin, Inc.,* 347 Pa. 61, 64, 31 A. 2d 504, 506; *Rowles v. Evanuik,* 350 Pa. 64, 68, 38 A. 2d 255, 257. As was said in *Giordano v. Clement Martin, Inc.,* 347 Pa. 61, 64, 31 A. 2d 504, 506: "Proofs to a degree of absolute certainty are rarely attainable; it is sufficient that they be such as to satisfy reasonable minds." Nor does the law require the elimination of every possible cause of the accident other than that on which the plaintiff relies, or of all the causes which the ingenuity of counsel may suggest, but only of such other causes, if any, as are fairly suggested by the evidence: *Giordano v. Clement Martin, Inc.,* 347 Pa. 61, 64, 31 A. 2d 504, 506; *Saganowich v. Hachikian,* 348 Pa. 313, 316, 35 A. 2d 343, 345; *Dunmire v. Fitzgerald,* 349 Pa. 511, 514, 37 A. 2d 596, 598; *Jones v. Monroe Electric Co.,* 350 Pa. 539, 542, 39 A. 2d 569, 570, 571.

The scene of the present accident was the easterly intersection of 41st Street and Eden Way in the City of Pittsburgh. 41st Street runs in a northerly and southerly direction, Eden Way, which is 14 feet in width from curb to curb, in an easterly and westerly direction. Approximately 128 feet east of and parallel to 41st Street is Banner Way, which runs into a dead end at Eden Way from the north. The entire northerly side of Eden Way between 41st Street and Banner Way is occupied by a building of Federal Laboratories, Inc.

On February 14, 1944, at about 11.45 a. m., one Joseph Bernot, employed by defendant, Railway Express Agency, Inc., and intending to make a delivery on its behalf at the Federal Laboratories plant, drove defendant's truck, which, as loaded weighed 3½ tons, to the rear entrance of the building on Banner Way. There he

was told to go around to the front on 41st Street and accordingly he drove the truck south on Banner Way and then west on Eden Way toward 41st Street. Although it was snowing he did not set his windshield wiper in operation. As he came along Eden Way there was an automobile parked on the northerly side; he passed this car and, turning right at 41st Street, went north for a distance of about 80 to 100 feet preparatory to backing into the entrance of the Federal Laboratories building. At that moment somebody shouted that he had struck a little boy. Immediately after the truck had passed the easterly cross-walk at the intersection of 41st Street and Eden Way, Albert N. Stauffer, Jr., a child aged 5 years and 4 months, who had been on his way home from kindergarten, was found lying on the cross-walk, with blood flowing from a wound in his head, at a point midway between the tracks which the wheels of the truck had made in the snow. The boy was at once rushed to the hospital, but was there pronounced dead. A pool of his blood was found on the cross-walk about 4 or 5 feet north of the southerly curbstone of Eden Way. It may be added that in passing from Eden Way into 41st Street it was highly necessary for the driver of a vehicle to proceed with especial caution and be on the alert for pedestrians approaching from the south because there was a high stone wall running along the southerly side of Eden Way to the 41st Street houseline which made it impossible for a driver to look toward the south along the latter street until his vehicle emerged beyond the end of the wall. When first interviewed Bernot stated that he "did not know whether he hit the child or not"; he said he did not see the boy at any time.

Mrs. Stauffer, the child's mother, testified that, growing anxious because of the failure of her child to return from school, she went out to look for him. Standing on Eden Way at a point somewhat to the east of Banner Way, a distance of about 150 feet from the point of the accident, she said that she saw four or five children come

in a group from behind the wall extending along Eden Way and cross Eden Way from the southeast to the northeast corner of the 41st Street intersection. Defendant's truck had just then made the turn from Banner Way into Eden Way and was proceeding west on the latter street. She next saw a boy walk out from behind the wall and step down from the southerly curb of Eden Way onto the cross-walk; the other children had meanwhile passed on, some four or five steps ahead. At the moment the boy stepped from the curb the truck, according to her testimony, was half way between 41st Street and Banner Way, or near the automobile which she said was parked about midway along the wall; this would put it a distance of from 35 to 64 feet from the cross-walk. The truck did not change its speed as it traveled along Eden Way nor as it turned the intersection into 41st Street; it did not stop at the intersection. The boy disappeared from her view (as he went across in front of the truck she necessarily lost sight of him), but immediately after the truck had passed she saw a "huddle" lying in the street which had not been there before, which she knew to be the body of a child, and which subsequently turned out to be her son. It is admitted by defendant that the child's body was not lying on the cross-walk *before* its truck reached there; clearly it was not there when the group of children passed by ahead of the boy. At the time of the accident no vehicle of any kind other than defendant's truck passed over the cross-walk where the accident occurred.

Accepting, as we must, the mother's testimony as true, the plaintiff has not made out a prima facie case sufficient to support the verdict of the jury in his favor. There was no testimony of what actually occurred between the time the boy was said to have stepped from the curb and the time his body was found in the street. While it may be reasonable to infer, from Mrs. Stauffer's testimony, that the truck struck the child and that this was due to the negligence of the defendant's driver, it is likewise equally reasonable to infer that the child had

slipped and fallen under the truck through no fault of defendant's servant. The latter inference is supported by the fact that the scene of the accident was covered with snow and, according to plaintiff's witnesses, was slippery. Moreover, plaintiff admitted there were no marks on the truck to show that it had struck the child and that the child's body was lying wholly between the two wheel tracks of the truck. The wheels did not pass over the body of the child.

It is the burden of the plaintiff to produce evidence of circumstances "so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion" that the death was caused by the negligence of defendant in the manner alleged: *Pfendler v. Speer,* 323 Pa. 443, 448, 185 A. 618; *Houston v. Republican Athletic Association et al.,* 343 Pa. 218, 220, 22 A. 2d 715. In *Gavin et al. v. Bell Telephone Co.,* 87 Pa. Superior Ct. 276, Judge Trexler (p. 279) quoted Justice Kephart in *McAvoy v. Kromer,* 277 Pa. 196, 120 A. 762, as follows: ". . . to affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence; this it does not do: King v. Brillhart, 271 Pa. 301, 304; Flanigan v. McLean, 267 Pa. 553, 556. Nor does it raise a presumption of negligence. To so hold would establish a doctrine of res ipsa loquitur as to such accidents: Flanigan v. McLean, supra. There must be other evidence leading up to the fact of accident on which culpableness may be based. 'In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided this accident:' Eastburn v. United States Express Co., 225 Pa. 33, 38, 39; Flanigan v. McLean, supra."

The judgment of the court below is reversed and is here entered for the defendant.

Mr. Chief Justice Maxey, Mr. Justice Horace Stern and Mr. Justice Jones dissent.