## Balducci *v.* Cutler, Appellant.

Argued April 12, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Irving L. Epstein,* for appellant.

*Joseph J. Cimino,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 25, 1946:

Angelina Balducci, appellee, brought this trespass action to recover damages for the alleged wrongful death of her husband, Tito Balducci, who was fatally injured as a result of being struck by an automobile operated by Myer Cutler, appellant. A motion for compulsory nonsuit and a point for binding instructions in appellant's favor were refused. The case was submitted to the jury which returned a verdict for appellee in the sum of $5,552. Cutler's motion for judgment non obstante veredicto was refused, and he appealed.

The accident occurred at 7:00 P. M., on February 22, 1937, in the vicinity of the intersection of Pittston Avenue and Ripple Street, Scranton, Pennsylvania. Pittston Avenue runs north and south and contains two sets of parallel trolley tracks. Ripple Street, which runs east and west, intersects and runs at right angles to Pittston Avenue. Martin Sabatini, only witness to how the accident occurred, had alighted from a southbound trolley car at the northwest corner of the intersection. While waiting for the southbound traffic to pass, the witness observed "a man" whom he thought he recognized as his cousin, on the opposite or easterly side of the street, 15 to 20 feet north of the intersection and 4 or 5 feet from the curb. The man, according to the witness, was standing in the cartway at this point or "just about stepping along, sort of waiting to cross the street, and edging over," "walking more southerly than he would be westerly." After about a minute the witness realized that the man was not his cousin, took his gaze from the man, and had started to cross from the northwest to the northeast corner of the intersection when he observed appellant's automobile a block away to the south, approaching the intersection at an esti-

mated speed of 45 miles per hour. "About the same second" the automobile reached a point opposite him the witness heard a "bump" and "saw a body up over the hood" on the right-hand side of the automobile. The body fell to the ground and appellant's automobile swerved to the left, coming to a stop thirty-five feet away. The witness walked over to the body and recognized it as the unconscious form of Tito Balducci. Balducci was removed to a hospital where he was pronounced dead on arrival.

Sabatini was not asked nor did he testify whether the man he saw 15 to 20 feet north of the intersection and 4 to 5 feet from the easterly curb was Balducci; he could not testify to the man's movements in the interval between the time he saw him at that point and the impact; and he was unable to state where Balducci was standing when he was struck, or for what length of time he had been standing in that position. The witness stated that from the moment he first observed appellant's automobile a block away his gaze was continuously fixed on the automobile; that the automobile was not zigzagging but approached in a straight line, with its left wheels riding the center of the easterly or northbound set of trolley tracks. The headlights of the automobile were on and there was a lighted street lamp at the intersection. For a distance of thirty feet north of the intersection the cartway between the easterly set of trolley tracks and the easterly curb of Pittston Avenue was free of parked cars or other object to obstruct the view of deceased or appellant.

On the evidence presented appellant was entitled to judgment non obstante veredicto in his favor. The mere fact that a collision has occurred between an automobile and a pedestrian or other vehicle, in the absence of evidence as to the manner of its occurrence, affords no basis for inferring that one party and not the other was at fault: *Pfendler v. Speer*, 323 Pa. 443, 446, 185 A. 618, 619. There must be other evidence leading up to the

fact of accident on which culpability may be based or, as the rule is sometimes stated, the evidence must so describe, picture or visualize what actually happened as to enable one fixed with the responsibility for ascertaining the facts to find that defendant was the culpable party: *Skrutski v. Cochran,* 341 Pa. 289, 291, 19 A. 2d 106. This the evidence in the present case does not do. The record does not disclose where Balducci was when he was hit, how long he had been there, or what he was doing at the time. Under such circumstances the verdict for appellee does not rise above conjecture and cannot be permitted to stand.

A case closely in point is *McAvoy v. Kromer,* 277 Pa. 196, 120 A. 762, where this Court said (p. 198) : "There is nothing in the evidence to show how plaintiff came into this part of the street. All that we have is that he was seen just as he left the curb to cross from the north to the south side of City Line Avenue. He was next seen either being struck or underneath the front part of the automobile; no one saw him in the intervening space from the curb to the place of accident . . . Was he run down by the car, the driver of which could have seen him a sufficient length of time to have guarded against it? The accident occurring between crossings, did he suddenly run in front of the car . . . Did he reach the south side of the street safely and suddenly dart back in front of the car . . . All these circumstances are left to conjecture; defendants might have been responsible for one or more of the causes and not so as to others. In such cases, where it is equally probable the accident may have resulted from either cause, there can be no recovery." To like effect see *Skrutski v. Cochran,* supra; *Brooks v. Morgan,* 331 Pa. 235, 200 A. 81; *Pfendler v. Speer,* supra; *Whalen v. Yellow Cab Company,* 313 Pa. 97, 169 A. 97.

Judgment reversed and judgment is here entered for appellant.