## Van Tine et ux. *v.* Cornelius, Admr., Appellant.

Argued November 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. D. Gallup,* with him *F. D. Gallup, E. G. Potter* and *Gallup, Potter & Gallup,* for appellant.

*R. T. Mutzabaugh,* with him *Nash & Mutzabaugh,* for appellees.

OPINION BY MR. JUSTICE DREW, January 8, 1947:

This action in trespass arose out of a collision on State Highway 219, in McKean County, between a passenger automobile owned and driven by Chester L. Van Tine, and a truck owned by the Commonwealth of Pennsylvania, Department of Highways, and driven by Joseph B. Vecellio. Suit was instituted by Van Tine and his wife, Ruth, against the Administrator of the estate of Vecellio (he having died after the accident but before trial from causes in no way related to the collision), to recover compensation for personal injuries sustained by the woman plaintiff, who was a passenger in her husband's car, and for damages to the automobile. The jury found for plaintiffs, and the court below refused defendant's motions for judgment n. o. v. and for a new trial. Defendant appealed from the judgments entered on the verdicts.

On the afternoon of December 5, 1944, at about three o'clock, Van Tine was driving his Plymouth sedan, and his wife was sitting on the front seat thereof with him, in a southerly direction on Route 219 between Bradford and Custer City. At the same time Vecellio was driving a large Indiana dump truck, loaded with ashes, westwardly on a private dirt road, which intersects Route 219 on an upgrade from the east only. At this point Route 219 is of macadam construction, 23 or 24 feet in width and practically level. It was wet, but had no snow or ice on it, and the side road was muddy and slippery. As Vecellio first attempted to enter Route 219 there was traffic approaching, so his truck had to be backed down to get another start. He then proceeded up the grade

the second time and without stopping, although he admittedly saw the Van Tine car approaching 200 feet to the north on Route 219, drove his truck to the west of that highway, and then turned to his left into the south bound lane. While he was thus turning, the right rear panel of the truck was struck by the left side of the bumper and left fender of the Van Tine car. Van Tine had applied the brakes of his car, but did not succeed in preventing the collision, his car having skidded somewhat on the wet highway. After the accident, the truck and automobile were found standing in the south bound lane of Route 219, the Van Tine car nearly opposite the private road and the truck 20 to 30 feet to the south. In the collision Mrs. Van Tine was painfully and permanently injured and her husband's car was damaged.

It is the contention of defendant that there is no evidence or reasonable inferences from any evidence in the case which show any negligence on the part of Vecellio which was the proximate cause of the injuries and damages suffered by plaintiffs.

No eyewitnesses testified as to the collision. The only persons present at that time were Vecellio and plaintiffs. On objection of counsel for defendant, plaintiffs were held to be incompetent to testify to any facts having any bearing upon the accident that occurred prior to the death of Vecellio. Plaintiffs' witnesses as to the actual happening were a State Policeman, who testified as to the admissions made by Vecellio the day following the collision, and three other persons who visited the scene a very short time after the accident occurred.

It is well established that testimony of eyewitnesses to an accident is not essential, as long as there is affirmative proof of the negligence of defendant. The test is whether the circumstances proved are such as to satisfy reasonable and well-balanced minds that the accident resulted from defendant's negligence: *Ferry v. Phila.*

*Rap. Transit Co.*, 232 Pa. 403, 81 A. 426. See also *Giordano v. Clement Martin, Inc.*, 347 Pa. 61, 31 A. 2d 504.

Under the facts here presented, we are convinced that it was for the jury to determine from all evidence adduced whether there was negligence on the part of Vecellio and whether that negligence was the proximate cause of the accident. Clearly Vecellio should have known that to drive a heavy truck from a private road, on a slippery upgrade, onto a through highway, when he saw the Van Tine car to his right but 200 feet away, a collision was inevitable when he proceeded into the path of the approaching automobile. There was no evidence as to the speed of the Van Tine car. If plaintiff was driving at a speed of 35 to 40 miles an hour as he had a right to do in the open country, it would have taken less than four seconds to travel 200 feet.

Art. X, Section 1014, of the Motor Vehicle Code of May 1, 1929, P. L. 905, as amended June 22, 1931, P. L. 751, Sec. 2, and May 21, 1943, P. L. 310, Sec. 3, provides, inter alia, as follows: "(a) The driver of a vehicle entering a highway from a private road or drive shall yield the right of way to all vehicles approaching on such highway." Vecellio was bound, when approaching Route 219 from the private road to permit the approaching Van Tine car to pass unless he was so far in advance that, in the exercise of reasonable care and prudence, he was justified in believing that he could cross the intersection ahead of the approaching vehicle without danger of a collision: *Dougherty v. Merchants' Baking Co.*, 313 Pa. 557, 169 A. 753. The fact that the Van Tine car after the collision was standing almost directly opposite the private road, and also the admission of Vecellio that he heard that car strike the rear of his truck while he was in the act of turning to his left, show that Vecellio had not completed his turn to the south on Route 219 when the collision occurred. Obviously, whether Vecellio did fulfill his duty under the above section of the Motor Code was for the jury.

The record in no way discloses the intervention of any circumstance or event which broke the connection between the act of Vecellio and the accident. "The law does not require that proof shall eliminate every possible cause of the accident other than that on which plaintiff relies but only such other causes, if any, as fairly arises from the evidence.": *Flowers v. Dolan,* 155 Pa. Superior Ct. 378, 380, 38 A. 2d 429.

Moreover, there was nothing to indicate that Van Tine did not do all he possibly could to avoid the accident. He was not bound to anticipate that Vecellio would negligently drive his truck into the path of his car. Van Tine was confronted with a sudden emergency, through no fault of his own, and the only thing left for him to do under the circumstances was to apply his brakes, which caused his wheels to skid on the wet paving.

The learned court below committed no error in refusing defendant's motion for judgment n. o. v. and for a new trial.

Judgments affirmed.