Ashby, Admr., Appellant, *v.* Philadelphia
Transportation Company.

Argued April 18, 1947. Before Maxey, C. J., Drew,
Linn, Stern, Patterson, and Stearne, JJ.

reargument refused May 26, 1947.

*William F. Quinlan,* with him *Bronte Greenwood*
and *Victor Frey,* for appellant.

*John J. McDevitt, 3rd,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 7, 1947 :

This action was instituted by Thomas Ashby, Sr., to recover in his own right and as administrator of the estate of his wife, Mary Ashby, damages for her death, which, he alleged was caused by the negligence of the motorman operating one of defendant company's trolley cars. He was unsuccessful in his suit because of his inability to prove the manner in which the accident happened and the facts necessary to establish liability. The court was therefore obliged to enter a nonsuit.

Between 7.30 and 8.00 o'clock in the morning of a December day Mrs. Ashby, a woman aged 53 years, was walking briskly westward on the north side of Harrison Street. The weather was damp and misty; the darkness was just giving way to dawn, and automobiles and trolley cars still had their lights on. Reaching Frankford Avenue she stepped off the east curb with the apparent intention of crossing that street from the northeast to the northwest corner of the Harrison Street intersection. There are double trolley tracks on Frankford Avenue separated by a "dummy" track approximately 11 feet in width. An elevated railway overhangs the roadway; one of its supporting pillars stretches across the "dummy" area just north of the north crosswalk of Harrison Street. No witness saw Mrs. Ashby after she left the sidewalk, but it was testified that at that time a north-bound trolley car on Frankford Avenue was standing at the southeast corner discharging passengers and a south-bound car was approaching the northwest corner. No witness saw the north-bound car start up or move across Harrison Street. The south-bound car came to a stop at the north crossing and passengers boarded it there; it started up again but came so suddenly to a second stop that one of the witnesses testified: "I don't think it went at all", and at that same moment the

motorman on that car exclaimed that a woman had been hit. The north-bound car was now standing alongside of the south-bound car with its rear at about the north crosswalk, and Mrs. Ashby was lying in the "dummy" track between the two cars at a distance of some 20 or 25 feet north of the intersection. Her injuries were so severe that as a result of them she died a week later.

From this evidence it may fairly be inferred that Mrs. Ashby was struck by the north-bound car, for the facts exclude any possibility of her having come in contact with the south-bound car or that she was struck by some other vehicle on the highway. But was the accident due to negligence on the part of the motorman? The record is lacking in testimony that would satisfactorily support an affirmative answer to that question.

The doctrine of res ipsa loquitur does not apply to a collision between a pedestrian and a vehicle at a crossing any more than at other points on the highway: *Sajatovich v. Traction Bus Company*, 314 Pa. 569, 574, 172 A. 148, 150; *Brooks v. Morgan*, 331 Pa. 235, 240, 200 A. 81, 83. While the person who is killed in an accident is presumed to have used due care, that presumption does not fasten upon a defendant the imputation of negligence on the theory that if the victim was not negligent the defendant must have been; it still remains incumbent upon the plaintiff to prove such negligence by either direct or circumstantial evidence: *Sajatovich v. Traction Bus Company*, 314 Pa. 569, 574, 172 A. 148, 150; *Pfendler v. Speer*, 323 Pa. 443, 446, 185 A. 618, 619; *Wenhold v. O'Dea*, 338 Pa. 33, 35, 12 A. 2d 115, 117; *Skrutski v. Cochran*, 341 Pa. 289, 291, 19 A. 2d 106. To establish such proof the evidence must so describe, picture or visualize what actually happened as to enable the fact-finding tribunal reasonably to conclude that defendant was the culpable party: *Balducci v. Cutler*, 354 Pa. 436, 439, 47 A. 2d 643, 644; *Stauffer, Admr., v. Railway Express Agency, Inc.*, 355 Pa. 24, 47 A. 2d 817, 818.

Applying these legal principles to the present record, it is obvious that the nonsuit entered by the court was inescapable. There is no testimony as to the course taken by decedent after she stepped from the east curb, or as to that of the trolley car after it started, where it was when she reached the rail, or how she came to be struck by it. None of the witnesses pretends to have seen the accident itself or how it happened. It may have resulted from some cause other than one for which the motorman would have been responsible. Decedent may have halted near the first rail and then suddenly started forward as the car was approaching, or, after successfully negotiating the passage of the north-bound track and thereupon seeing the approach of the south-bound car, she may have stepped backward in front of the north-bound car. The law does not permit liability to rest upon the basis of mere speculation or conjecture. It is true that the trial court erroneously excluded the spontaneous exclamation of the motorman of the south-bound car that a woman had been hit; the fact that that motorman was not a participant in the accident did not affect the admissibility of his utterance: *Coll v. Easton Transit Co.,* 180 Pa. 618, 626, 37 A. 89, 90. But, as was said in *Wiser v. Parkway Baking Co.,* 289 Pa. 565, 568, 137 A. 797, 798, the statement that a woman had been hit, "while indicating the cause of the injury, did not tend to show negligence."

On the whole, this case follows the pattern of many similar ones where, unfortunately for the claimants, they were unable to produce the testimony necessary to support their theories of the manner in which the accident happened, such cases, for example as *McAvoy v. Kromer,* 277 Pa. 196, 120 A. 762; *Balducci v. Cutler,* 354 Pa. 436, 47 A. 2d 643; and *Stauffer, Admr., v. Railway Express Agency, Inc.,* 355 Pa. 24, 47 A. 2d 817.

The order overruling the motion to take off the nonsuit is affirmed.