Fidelity-Philadelphia Trust Company, Executor, Appellant, *v.* Staats et al.

Argued January 5, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

_Robert E. Porter,_ with him _I. N. Earl Wynn,_ for appellant.

_J. Paul MacElree,_ with him _Franklin L. Gordon,_ for appellees.

OPINION BY MR. JUSTICE HORACE STERN, March 22, 1948:

The court below directed the jury to find a verdict for defendants and subsequently denied plaintiff's motion for a new trial because it was of opinion that sufficient evidence had not been produced to justify an inference of negligence on the part of the operator of defendants'. truck.

At about six o'clock on a December evening one Brice was driving a truck on the business of his employers, Staats Oil Company, westwardly in Paoli upon the Lincoln Highway which there consists of a concrete four lane roadway forty feet wide with paved shoulders four feet in width. As Brice approached the point where Chestnut Road comes in at a dead-end from the south he was driving with the headlights of his truck on high beam, at a speed of 30 to 35 miles an hour, in the inner of the two lanes for west-bound traffic. The weather was clear and admittedly there was nothing to obstruct his view for a distance of 200 feet as he came toward the intersection. He there saw "a dark object" in his lane of traffic at a distance ahead of less than twenty feet, whereupon he swerved to the left but the right front fender of his truck came into contact with the "object", which turned out to be plaintiff's decedent Brooks. After striking Brooks the truck "slid" forward and across the east-bound lanes of the highway a distance of about 100 feet and crashed into a telephone pole to the south of the road with such force that the front bumper, the grill, the headlights, the radiator and the fenders were badly damaged. Brooks sustained a fractured skull, was rendered unconscious, and died within a few minutes of the impact; his body was found lying upon the highway at about the dividing line between the two west-bound traffic lanes a few feet west of the Chestnut Road intersection.

Plaintiff's case should have been submitted to the jury for determination. Defendants rely upon well-known principles of law, namely, (1) that the mere fact that a collision has occurred between a pedestrian and a motor vehicle, in the absence of evidence as to the manner of its occurrence, affords no basis for inferring that one party rather than the other was at fault (*Balducci v. Cutler*, 354 Pa. 436, 47 A. 2d 643); (2) that the doctrine of res ipsa loquitur does not apply to such a collision at a crossing any more than at other points on the

highway (*Ashby, Administrator, v. Philadelphia Transportation Co.,* 356 Pa. 610, 52 A. 2d 578) ; and (3) that the presumption that a person killed in an accident had been exercising due care does not mean that the defendant must have been negligent since it is possible that neither party was at fault (*Pfendler v. Speer,* 323 Pa. 443, 185 A. 618; *Skrutski v. Cochran,* 341 Pa. 289, 19 A. 2d 106). But it is elementary (1) that it is the duty of the driver of a motor vehicle to have his car at all times under such control as to be able to stop it before injuring a person in any situation reasonably likely to arise under the circumstances (*Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503, 154 A. 805, 807) ; (2) that this duty is all the more mandatory when the car is attempting to cross an intersecting street or road, for there the presence of pedestrians is to be anticipated and the operator must be especially vigilant and able to stop or to alter the direction of his car at the shortest possible notice in order to avoid striking them (*Gilles v. Leas,* 282 Pa. 318, 320, 127 A. 774; *Grimes v. Yellow Cab Co.,* 344 Pa. 298, 302, 25 A. 2d 294, 296; *Simon v. Moens,* 356 Pa. 361, 365, 366, 51 A. 2d 737, 739; *Smith v. Shatz,* 331 Pa. 453, 456, 200 A. 620, 621; *Altsman v. Kelly,* 336 Pa. 481, 485, 486, 9 A. 2d 423, 425) ; (3) that it is the presence of an intersection rather than the precise position of someone within it that determines the care required of an approaching driver (*Atkinson v. Coskey,* 354 Pa. 297, 302, 303, 47 A. 2d 156, 160) ; and (4) that the duty thus prescribed applies as well to a dead-end as to a complete intersection of two highways (*Atkinson v. Coskey,* 354 Pa. 297, 47 A. 2d 156).

The court denied plaintiff's right of recovery because, in its opinion, there was no evidence that Brooks was on the highway at a time when defendants' truck was far enough away for the operator to have had reasonable opportunity to stop or divert it so as to prevent the accident. The testimony, however, does not give sanction to such a conclusion, but, on the contrary, warrants an

inference that Brice was not sufficiently attentive to the pathway ahead of him. He admitted that when he first saw Brooks the latter was in the center of the lane in which the truck was traveling; if Brooks was *standing* there, or if he was in the act of walking *longitudinally* along the highway, Brice was bound to have seen him had he been properly on the lookout; on the other hand, if Brooks was *crossing* the highway he must have traversed, even from the nearest side, a distance of at least nineteen feet, and, when it is borne in mind that he was a man 75 years of age and not a child or young lad apt to dart out or spring across, it would certainly be for a jury to determine whether Brice, with a clear vision ahead furnished by the headlights of his truck, and considering the care which the law required of him in approaching the Chestnut Road intersection, was negligent in failing to see Brooks during the period of time necessarily consumed by him in coming to the center of the inner lane on which the truck was proceeding. There was some vague testimony as to the presence of another vehicle traveling in the outer of the west-bound traffic lanes at some undisclosed distance ahead of the truck, but there is nothing whatever to connect it with the happening of the accident; it is not necessary for a plaintiff to eliminate all possible causes of an accident other than that on which he relies but only such as are fairly suggested by the evidence: *Saganowich v. Hachikian,* 348 Pa. 313, 316, 35 A. 2d 343, 345; *Stauffer, Administrator, v. Railway Express Agency, Inc.,* 355 Pa 24, 26, 47 A. 2d 817, 818.

This case differs from *Martin v. Marateck,* 345 Pa. 103, 27 A. 2d 42, and *Stauffer, Administrator, v. Railway Express Agency, Inc.,* 355 Pa. 24, 47 A. 2d 817, because in the *Martin* case the victim was not seen by the only eye-witness of the accident until the very moment of the impact, and in the *Stauffer* case was never seen in front of the vehicle at all. The facts here more closely resemble those in *Atkinson v. Coskey,* 354 Pa. 297, 47

A. 2d 156, where the driver of the automobile did not see the person he struck until "almost on top" of him, but the latter, since he was near the middle of the street, must, in crossing, have traversed at least one half of its twenty-seven foot roadway, and it was therefore held in that case, as we hold in this, that the jury might properly have found, had the case been submitted to them, that the pedestrian must have been within seeing distance for a sufficient length of time for the operator of the vehicle to have avoided hitting him had he been duly attentive.

At the time of the accident decedent was enjoying income from invested securities but he was no longer gainfully employed; the only damages established by the evidence were outlays for funeral expenses and expenses of administration. In connection with the latter item plaintiff claims that under the Act of April 1, 1937, P. L. 196, amending the Act of April 26, 1855, P. L. 309, it is entitled to recover appraisers' fees, costs of filing and advertising the executor's account, counsel fees, commissions, and payments for Pennsylvania transfer inheritance tax. As the case is being remanded for retrial it may not be amiss at this time to declare that by the term "expenses of administration" in that Act the legislature could scarcely have intended the recovery of such items as those thus claimed, but only the cost of obtaining letters testamentary or of administration in order to qualify the plaintiff for the purpose of bringing suit. The term "expenses of administration" is employed in conjunction with hospital, nursing, medical and funeral expenses, and it would seem clear that all these items are intended to cover only such expenses as are *immediately* attendant upon, and related to, the decedent's injuries and death.

The order refusing a new trial is reversed and a venire facias de novo is awarded.