## Stanalonis, Admr., Appellant, *v.* Branch Motor Express Company.

Argued January 8, 1948; reargued January 15, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Guy G. DeFuria,* for appellant.

*D. Malcolm Hodge,* with him *E. P. Balderston, Jr.,* and *Hodge, Hodge & Balderston,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 22, 1948:

Frank Stanalonis, appellant, instituted this action in trespass against Branch Motor Express Company, a Pennsylvania corporation, appellee, under the Survival Act of 1937, and under the Wrongful Death Statutes.[1] The action arises from the death of Sylvester Stanalonis from injuries sustained when the rear wheels of the tractor-trailer, owned by appellee and operated by its agent, passed over his thighs, fracturing the left side of his pelvis and causing internal injuries. At the trial of the case appellee's motion for compulsory nonsuit and a requested point for binding instruction were refused. A jury returned a verdict for $5175 in the Survival Action, and for $3600 in the Death Action. Appellee filed motions for judgment *non obstante veredicto* and for a new trial. The court below dismissed the motion for a new trial but granted the motion for judgment *non obstante veredicto* for the reason that there was no proof of appellee's negligence. This appeal followed.

William Leone, employee of Branch Motor Express Company, on June 18, 1946, a clear day with streets dry, between 10:30 and 10:45 A. M., was operating appellee's 43.4 feet tractor-trailer in the City of Chester, Pennsylvania. Proceeding southwardly on Madison Street, he entered the intersection of Madison and Third Streets and turned left onto Third Street. On the northeast corner of the pavement is a sewer cover 3 by 5 feet. Sylvester Stanalonis, decedent, was last seen standing on the sewer cover. Thereafter, the view of witnesses was obscured by the tractor-trailer as it turned left onto

---

[1] Act of 1937, P. L. 2755, 20 PS Section 772; Act of 1851, P. L. 669, Section 19, 12 PS Section 1601; Act of 1855, P. L. 309, 12 PS Section 1602, as amended.

Third Street. The front wheels of the tractor came within two to two and one-half feet of the curb. A thud was heard and decedent was next seen lying flat on the street, his head toward the sewer, approximately two and one-half feet therefrom, and his feet pointed to the southwesterly corner and extending into the intersection. The rear wheels of the trailer were seen to pass over his body at a point approximately four feet from the sewer opening. The thud was produced by some contact with the aluminum body of the trailer. At the time the wheels passed over his body, the tractor was at an angle to the trolley tracks running parallel on Third Street, and the trailer was proceeding around the corner. The tractor and trailer were practically on a line. After Leone heard the thump and stopped the equipment, the rear of the trailer was ten feet to the east of the decedent's body. The tractor was facing east and the position of the trailer was diagonal with the car tracks. Stanalonis was placed in the automobile of a passing motorist and taken to a hospital where he died four days later from injuries sustained in this accident.

Appellant contends that the foregoing evidence, when viewed in a light most favorable to appellant, and giving him the benefit of all reasonable inferences and deductions to be made therefrom, sustains the finding of the jury that the driver of appellee's vehicle was guilty of negligence in the operation thereof. This contention cannot be sustained. The evidence has been considered most favorable to him. The conclusion is, nevertheless, irresistible that appellee's negligence is not the only reasonable conclusion justified by the evidence and the verdict of the jury was based upon conjecture and surmise rather than facts established by the testimony.

Affirmative proof of negligence by circumstantial evidence must be by evidence which precludes possibility of injury in any other way and is such that the only reasonable inference to be deduced therefrom is that the accident was caused by the negligence of the defendant

in the manner alleged: *Donaldson v. Pittsburgh Railways Co.,* 358 Pa. 33, 37, 55 A. 2d 759; *Stauffer v. Railway Express Agency, Inc.,* 355 Pa. 24, 29, 47 A. 2d 817, 819. ". . . the evidence must so describe, picture or visualize what actually happened as to enable one fixed with the responsibility for ascertaining the facts to find that defendant was the culpable party: Skrutski v. Cochran, 341 Pa. 289, 291, 19 A. 2d 106:" *Balducci v Cutler,* 354 Pa. 436, 439, 47 A. 2d 643, 644. Conjecture and surmise are not substitutes for proof and a jury's verdict based thereon will be set aside: *Stauffer v. Railway Express Agency, Inc., supra.* Nor does the presumption that decedent was not negligent support an inference that defendant was negligent. Failure to rebut that presumption does not warrant an inference of negligence. Cf. *Rowles v. Evanuik,* 350 Pa. 64, 69, 38 A. 2d 255. Proof of the happening of an accident is not proof that one of the parties was negligent: *Wenhold v. O'Dea,* 338 Pa. 33, 35, 12 A. 2d 115; *Sajatovich v. Traction Bus Co.,* 314 Pa. 569, 572, 172 A. 148.

The evidence in the instant case does not "so describe, picture or visualize what actually happened" as to enable a jury to find that appellee was negligent. The position of Stanalonis and the place where he was standing when contact was made with the body of the trailer is not shown. Viewing the evidence most favorable to decedent, there is none which suggests how he came to lie prostrate in the intersection, his head toward the sidewalk and feet toward the center of the intersection as the rear wheels of the trailer went over his body. Certain it is that the evidence of circumstances prior and subsequent to the contact are not such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the defendant. See *Rowles v. Evanuik,* supra; *Pfendler v. Speer,* 323 Pa. 443, 185 A. 618; *Reardon v. Smith,* 298 Pa. 554, 148 A. 860. The record does not present a question of conflicting credi-

bility. It presents only conflicting theories as regards the happening of the accident.

*Mull v. Bothwell,* 338 Pa. 233, 12 A. 2d 561; *Ross v. Riffle,* 310 Pa. 176, 164 A. 913; *Miller v. Siebert,* 296 Pa. 400, 145 A. 909; *Ford v. Cunningham Piano Co.,* 71 Pa. Superior Ct. 380; *McGettigan v. Quaker City Automobile Co.,* 48 Pa. Superior Ct. 602, are relied upon by appellant. In all these cases there was positive testimony either as regards the contact or the facts so clearly described what actually happened that the only reasonable conclusion was that the defendant was negligent. They are clearly inapposite.

Judgment affirmed.

Mr. Chief Justice MAXEY and Mr. Justice DREW and Mr. Justice JONES dissent.