## VISOKAY v. UNITED STATES.
### Civil Action No. 7159.

United States District Court
W. D. Pennsylvania.
April 8, 1949.

---

368

A. R. Cohen, of Pittsburgh, Pa., for plaintiff.

Irwin A. Swiss, Asst. U. S. Atty., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover damages against the United States of America· under the Federal Tort Claims Act, 60 Stat. 843, (1946), as amended, 1947, 28 U.S.C.A. § 931,[1] for the death of Mary T. Visokay. The Court, after hearing, makes the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. The plaintiff, Mary Visokay, is the Executrix of the estate of Mary T. Visokay, deceased, and is a citizen of Pennsylvania residing in Pittsburgh, Pennsylvania.

2. By virtue of the Federal Tort Claims Act and the laws of Pennsylvania, two causes of action are set forth in the complaint; a wrongful death action under the Pennsylvania Acts of 1851 and 1855, P.L. 669, 309, 12 P.S. §§ 1601–1603, and a survival action under the Pennsylvania Act of 1937, P.L. 2755, 20 P.S. §§ 321 note, 772.

3. On January 8, 1948 at approximately 8:15 P.M., Mary T. Visokay was crossing Grant Street in the City of Pittsburgh at the regular pedestrian crossing located at Fourth Avenue when she was struck by a United States mail truck driven by a postal employee acting within the regular scope of his employment. She was removed by the Pittsburgh police to the Mercy Hospital where she died fifty minutes after the accident.

4. The accident occurred after dark, but the street corner was well lighted. The weather was clear and the streets were dry.

5. Lonzo Green, the only eye witness to the events leading up to the accident, was driving his truck South on Grant Street in the inside traffic lane just prior to the accident. He stopped his truck at the intersection of Fourth Avenue because the traffic light signal for Grant Street traffic had changed to red.

6. While waiting for the light to change, Green saw the deceased start to cross Grant Street from the east sidewalk toward the west side with the green light in her favor. There was no other traffic at the intersection at that time.

7. Grant Street at this point, is fifty-five feet wide and when the deceased was approximately in front of Green's truck, the traffic light changed to green for Grant Street traffic and red for traffic crossing Grant Street. The deceased hesitated and when Green indicated that he would wait for her to cross, she continued to cross in front of his truck.

---

[1] In 1948 Revised Judicial Code, see 28 U.S.C.A. §§ 1346, 2676.

8. In the meantime the defendant's mail truck was proceeding South on Grant Street in the outside lane of traffic at approximately twelve miles per hour. As the truck approached the Fourth Avenue intersection, the traffic light changed to green for Grant Street traffic when the truck was approximately fifty feet away from the intersection.

9. There was a distance of at least eight feet between Green's truck and the defendant's truck which was passing on the right.

10. The driver of the defendant's truck failed to see the deceased until just before the left front fender of his truck struck her. The driver was unable to bring his truck to a stop until after he had crossed Fourth Avenue which is twenty-one feet wide.

11. The defendant's employee was negligent in failing to see the deceased until too late to avoid striking her; and in failing to have his truck under such control that he could stop on the least possible notice. This negligence was the proximate cause of the injury. The deceased was not guilty of contributory negligence.

12. While there was no evidence of the deceased's pain and suffering after being removed from the scene of the accident, both truck drivers testified that the deceased was "moaning" while lying in the street.

13. The deceased was sixty-seven years of age and was in good health; she left surviving her eight children.

14. Three daughters, Evelyn, Gertrude and Mary lived at home with the deceased. Each of these daughters paid Ten ($10.00) Dollars a week to the deceased for room, board, washing and other services. Since their mother's death these same services cost them double this amount. Evelyn was married shortly before the trial.

15. The mother gave gifts to her children on their birthdays and at Christmas time.

16. The deceased rendered service to all of the children, giving them needed counsel and guidance.

17. The hospital and doctor bills amounted to $25.00.

18. The deceased's net income was negligible.

## Conclusions of Law

1. This case is within the jurisdiction of this Court.

2. A pedestrian, at a street corner, has a superior right-of-way over vehicles, when, after he has started across, the traffic light has turned against him. Pennsylvania Act of 1929, P.L. 905 and amendments, 75 P.S. § 1 et seq.

3. It is the duty of the driver of a motor vehicle approaching an intersection to have his car under such control that he is able to stop with the shortest possible notice. Fidelity-Philadelphia Trust Company, Executor v. Staats, 358 Pa. 344, 57 A.2d 830.

4. The defendant's employee was negligent in failing to see the deceased until too late to avoid striking her; and in failing to have his truck under such control that he could stop on the least possible notice. This negligence was the proximate cause of the injury. The deceased was not guilty of contributory negligence.

5. The plaintiff is entitled to recover for the benefit of the estate, the sum of $1125 for pain and suffering, hospital and doctor bills and funeral expenses. Murray v. Philadelphia Transportation Co., 359 Pa. 69, 58 A.2d 323.

6. The plaintiff is entitled to recover for the beneficiaries under the Act of 1855, P.L. 309, the sum of $3060 as damages for loss of service to the daughters living at home, counsel and guidance, and gifts to all the children. Gaydos v. Domabyl, 301 Pa. 523, 152 A. 549.

## Order

And now the above-entitled action came on for hearing, and after hearing and consideration thereof, it is ordered that judgment in the amount of $4185, plus costs, be, and hereby is, entered in favor of the Plaintiff, Mary Visokay, and against the defendant, the United States of America.