Alvin H. FRANKEL, Administrator of the Estate of Joseph Wright, deceased,

v.

Louise A. CROWLEY, Administratrix of the Estate of William Crowley, deceased.

MARYLAND CASUALTY COMPANY, as Subrogee to the rights of Walter Collison,

v.

Louise A. CROWLEY, Administratrix of the Estate of William Crowley, deceased

and

Alvin H. Frankel, Administrator of the Estate of Joseph Wright, deceased.

MARYLAND CASUALTY COMPANY, Subrogee to the rights of Paul McDevitt,

v.

Louise A. CROWLEY, Administratrix of the Estate of William Crowley, deceased, and

Alvin H. Frankel, Administrator of the Estate of Joseph Wright, deceased.

MARYLAND CASUALTY COMPANY, Subrogee to the rights of John Owens,

v.

Louise A. CROWLEY, Administratrix of the Estate of William Crowley, deceased and

Alvin H. Frankel, Administrator of the Estate of Joseph Wright, deceased.

Civ. A. Nos. 21236, 23141-23143.

United States District Court
E. D. Pennsylvania.

March 29, 1960.

Freedman, Landy & Lorry, Martin Heller, Philadelphia, Pa., for Alvin H. Frankel, administrator of the estate of Joseph Wright, deceased.

J. Ward Hinkson, Edward F. Cantlin, Chester, Pa., for Louise A. Crowley, administratrix of the estate of William Crowley, deceased.

Stephen J. McEwen, Upper Darby, Pa., for Maryland Casualty Co., as subrogee to the rights of Walter Collison, Paul McDevitt and John Owens.

KRAFT, District Judge.

These actions arose from a collision between two fire trucks in the intersection of Fifth Street and Edgmont Avenue, Chester, Pennsylvania, on August 27, 1955. Both vehicles were responding to the same alarm of fire. The actions were, without objection, consolidated for trial by the court.

Immediately before the collision the fire truck of Moyamensing Hose and Ladder Company was being driven by Joseph Wright southwardly on Edgmont Avenue toward Fifth Street. John Owens, Walter Collison and Paul McDevitt.

volunteer firemen, were aboard this truck. At the same time the fire truck of Hanley Hose Company was being driven by William Crowley westwardly on Fifth Street toward Edgmont Avenue.

The collision resulted in the death of Wright and in serious personal injuries to Collison, McDevitt and Owens.

Crowley, on whose behalf no action was brought, died in 1958 of natural causes.

In the suit by Wright's estate against Crowley's estate (C.A. 21,236), no objections were interposed by the defendant to the competency of any of the witnesses called to testify descriptively of the collision.

In the actions against both estates by Maryland Casualty Company, as subrogee, respectively, of Collison, McDevitt and Owens (C.A. 23,141, 23,142 and 23,143) numerous objections were made by counsel for the Crowley estate to the competency, under the Act of May 23, 1887, P.L. 158 (28 P.S. § 322), of Collison, McDevitt and Owens to testify in the respective suits in which they were statutory subrogors. Decision was reserved on these objections and the testimony received subject to ruling at the time of adjudication.

At the outset of the trial, counsel for all parties stipulated that the trial court's findings of fact might be limited to findings on negligence, contributory negligence and damages. Counsel for Crowley's estate requested, additionally, a determination of whether the right of recovery of Maryland Casualty Company, as subrogee, in each of its three suits was limited to the amount of Workmen's Compensation paid and payable by it under Pennsylvania law to Collison, McDevitt and Owens, respectively. All other findings of fact otherwise required by Rule F.R.Civ.P. 52(a), 28 U.S.C. were expressly waived by the parties.

From a careful review and consideration of all the evidence and exercising the opportunity to judge the credibility of the witnesses, the court makes the following

## Findings of Fact

1. On August 27, 1955, about 6:00 A.M. (Daylight Saving Time), a collision occurred approximately in the middle of the intersection of Fifth Street and Edgmont Avenue, Chester, Pa., between a fire truck of Moyamensing Hose and Ladder Company, operated by Joseph Wright, and a fire truck of Hanley Hose Company, operated by William Crowley.

2. Walter Collison, Paul McDevitt and John Owens, volunteer firemen upon the fire truck operated by Wright, suffered severe personal injuries as a result of the collision.

3. Joseph Wright, operator of the Moyamensing Hose and Ladder Company truck, was killed in the collision.

4. At the time of the collision both fire trucks were responding to the same alarm of fire in the City of Chester.

5. Maryland Casualty Company as insurer of the employer of Collison, McDevitt and Owens paid to each of them the compensation required to be paid to them under the provisions of the Workmen's Compensation Act of Pennsylvania, 77 P.S. § 1 et seq.

6. Maryland Casualty Company brought each of the three suits in which it is plaintiff as statutory subrogee. Collison and Owens refused Maryland's request to each of them to bring suit. McDevitt was not so requested and did not refuse.

7. Immediately before the collision Crowley was driving the fire truck of Hanley Hose Company westwardly on Fifth Street toward Edgmont Avenue and Wright was driving the truck of Moyamensing Hose and Ladder Company southwardly on Edgmont Avenue toward Fifth Street.

8. Immediately before the collision it was Crowley's purpose to continue westwardly across Edgmont Avenue on Fifth Street.

9. Immediately before the collision it was Wright's purpose to make a right turn from Edgmont Avenue to proceed westwardly on Fifth Street.

10. Electrically operated traffic signals were in operation at each of the four corners of the intersection immediately before and at the time of the collision.

11. There was no credible evidence of the respective colors of any of the traffic lights at the four corners of the intersection for vehicular traffic on Fifth Street or on Edgmont Avenue as the two fire vehicles immediately approached and entered the intersection.

12. The collision occurred in daylight, in clear weather, and upon dry road surfaces.

13. Neither vehicle exceeded a speed of twenty miles per hour as it immediately approached and entered the intersection.

14. The left front portion of the fire truck operated by Wright struck the right side of the fire truck operated by Crowley about eight to nine feet from the front of the latter truck.

15. Fifth Street *west* of Edgmont Avenue is substantially wider than Fifth Street *east* of Edgmont Avenue, the northerly curb of Fifth Street forming a continuous line on both sides of Edgmont Avenue, so that the excess width of Fifth Street west of Edgmont Avenue is on its southerly side.

16. As Wright immediately approached and entered the intersection, because of the turning characteristics of the fire vehicle, he drove with a substantial portion of the vehicle on the easterly half of Edgmont Avenue.

17. As Crowley approached the intersection, a substantial portion of the vehicle driven by him was on the southerly side of Fifth Street, because of the presence of a parked truck on the northerly side of Fifth Street.

18. As a result of the force of the impact of the collision both Wright and Crowley immediately lost control of their vehicles.

19. Walter Collision used due care under the circumstances then and there existing.

20. Paul McDevitt used due care under the circumstances then and there existing.

21. John Owens used due care under the circumstances then and there existing.

22. Joseph Wright did not then and there recklessly disregard the safety of Crowley, Collison, McDevitt, Owens and others.

23. Joseph Wright did not fail to use due care under the circumstances then and there existing.

24. William Crowley did not then and there recklessly disregard the safety of Wright, Collison, McDevitt, Owens or others.

25. William Crowley did not fail to use due care under the circumstances then and there existing.

Discussion

In reviewing the evidence concerning the circumstances attending the collision, the court gave very careful consideration to the testimony of John Owens and concluded that, in this respect, credence could not reasonably be given his testimony. Owens suffered a very severe head injury which rendered him unconscious for approximately ten days after the event. The court is persuaded that Owens, upon recovering consciousness, had no recollection of the circumstances which immediately preceded the collision and that, disturbed by his absence of recollection of those events, and of the events which transpired during his period of unconsciousness, he has talked repeatedly with others during the intervening years, in an endeavor to reconstruct the events of which he had no recollection. The court is convinced that the testimony of his present recollection of the circumstances immediately preceding and attending the collision is too unreliable to warrant credence, though, in so concluding, the court does not believe or imply any conscious fabrication by Owens. In short, the court is persuaded that the recollection of the critical events which Owens now believes he has is not his own independent recollection, but is

rather a recollection of information gleaned from other sources.

Neither Collison nor Wright testified to the circumstances of the collision, and casting aside, as we do, the testimony of Owens on this score, the remaining evidence utterly fails so to "describe, picture or visualize what actually happened as to enable the fact-finding tribunal reasonably to conclude that" either Wright or Crowley was culpable. Ashby v. Philadelphia Transp. Co., 356 Pa. 610, 612, 52 A.2d 578.

In determining the facts the court first examined all of the evidence on the issue of liability in the action brought by the Wright estate against the Crowley estate (C.A. 21,236), since in that action no objection was made to the competency of any witness to testify to the circumstances immediately preceding and attending the collision. From its scrutiny of that evidence the court found that neither Wright nor Crowley was negligent. We need not rule, therefore, upon the sundry objections made by counsel for Crowley's estate to the competency of the witnesses, under the Act of 1887, supra, to testify descriptively of the circumstances of the collision in the three suits by Maryland Casualty Company in which, respectively, the witnesses were statutory subrogors. If those objections were now overruled, the evidence on the liability issues in the three suits of Maryland Casualty Company would be the same as the evidence in the action by the Wright estate; and, were any of those objections now sustained, the quantum of evidence on the liability issue in one or more of Maryland's three suits would be less than that in the action by the Wright estate.

Moreover, since the evidence failed to establish liability on the part of Wright or Crowley, we make no findings on the remaining issues of damages and no determination of whether the right of recovery by Maryland Casualty Company in each of its three suits is limited to the amount of compensation paid and payable by it to Collison, McDevitt and Owens, respectively.

In its consideration of the liability issues, the court was mindful of the principles set forth in Horsham Fire Co. No. 1 v. Fort Washington Fire Co. No. 1, 383 Pa. 404, 119 A.2d 71, and of the provisions of the Pennsylvania Motor Vehicle Code, 75 P.S. § 1 et seq.

Maryland Casualty Company has filed a post-trial motion in C.A. 23,141 to amend the caption to designate the plaintiff therein as "Walter Collison to the use of Maryland Casualty Company, Plaintiff". Similar post-trial motions, apropos of McDevitt and Owens, were filed respectively in C.A. 23,142 and 23,-143. The purpose of these motions is to sidestep the contention of the Crowley estate that Maryland's recovery in each suit, *as originally instituted*, cannot in any event exceed the amount of compensation paid and payable by Maryland to its statutory subrogor.

However, we need not delay disposition of these cases for briefs and argument upon the merits of Maryland's post-trial motions to amend or upon the anticipated challenges thereto of untimeliness, the bar of the statute of limitations or possible divestiture of jurisdiction for want of diversity. Where no liability exists, the banner under which Maryland has lost the war is immaterial and we therefore do not pass upon its motions.

## Conclusions of Law

1. The court, in each case, has jurisdiction of the present parties and of the subject matter.

2. Walter Collison was not negligent.

3. Paul McDevitt was not negligent.

4. John Owens was not negligent.

5. Joseph Wright was not negligent.

6. Joseph Wright did not recklessly disregard the safety of Crowley, Collison, McDevitt, Owens or others.

7. William Crowley was not negligent.

8. William Crowley did not recklessly disregard the safety of Wright, Collison, McDevitt, Owens or others.

9. The defendants, in each case, are entitled to judgment.